Wayne T. HOBSON, Individually, and on behalf of all others similarly situated, Plaintiff,

v.

Gladys POW, Virginia Sansing, Tommie Jones, Individually, as members of the Board of Registrars of Bibb County, and on behalf of all other Boards of Registrars in the State of Alabama, Glen Smitherman, Individually and as Sheriff of Bibb County, and William J. Baxley, Individually and as Attorney General of the State of Alabama, Defendants.

Civ. A. No. 76–G–1453–W.

United States District Court,
N. D. Alabama, W. D.

June 16, 1977.

Edward Still and Judith S. Crittenden, Birmingham, Ala., for plaintiff.

James S. Ward, Asst. Atty. Gen., Montgomery, Ala., for the Attorney General of the State of Alabama.

Charles C. Partin III, Stone & Partin, Bay Minette, for Baldwin County Board of Registrars.

## MEMORANDUM OF DECISION

GUIN, District Judge.

This action for declaratory and injunctive relief has been instituted and maintained under the first and fourteenth amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988. This court has jurisdiction over the parties and the subject matter of this action.

This action was filed on October 26, 1976, by Wayne T. Hobson, for himself and for the class of men who had been or would be disenfranchised by *Ala.Const.*, Art. 8, § 182 (1901), and *Ala.Code* of 1940 (Recomp. 1958), Tit. 17, § 15, because of a conviction for "assault and battery on the wife." The complaint alleged these provisions denied men equal protection of the laws. The defendants Gladys Pow, Virginia Sansing and Tommie Jones were the Board of Registrars of Bibb County.[1] They were sued individually and as representatives of the class of Boards of Registrars. Glen Smitherman, Sheriff of Bibb County, and William J. Baxley, Attorney General of Alabama, were sued for interim injunctive relief only.

The plaintiff requested a temporary restraining order. Upon notice to the defendants, the court heard and granted the application for the temporary restraining order, the text of which is set out below.[2] By agreement of the parties the temporary restraining order was allowed to expire (after the November Presidential election) and the case was submitted on plaintiff's motion for summary judgment.

The plaintiff requested discovery from the absent members of the defendant class. Because the plaintiff's discovery covered official records of the defendants and

---

1. The court has been informed subsequent to the filing of this action that Gladys Pow has died and has not been replaced as a member of the Board of Registrars. Judgment will therefore be entered against her successor in office.

2. "The Defendants and the class of Boards of Registrars are hereby temporarily restrained from enforcing Alabama Constitution § 182 and Alabama Code Title 17, § 15, insofar as they deny the franchise to the Plaintiff or to any other male who has been convicted of assault and battery on his spouse as follows:

"1. Any male who presents himself at the Board of Registrars of the County of his residence on 2 November 1976 and requests a certificate of registration shall be issued such a certificate if (1) he has previously been registered in that county, (2) he was purged or removed from the roll of registered voters only because he was convicted of assault and battery on his spouse, and (3) he makes a sworn statement to the Board of Registrars that he is not otherwise disqualified from being registered to vote.

"2. The Board of Registrars of each county shall be subject to call on 2 November 1976, and available to perform the duties set out in paragraph 1. of this order.

"3. The Defendant Baxley shall inform each Board of Registrars of this order." (As amended)

was deemed not burdensome, the court granted the motion.[3]

## CLASS STATUS

■ The responses of the Boards to the interrogatories show that at least 160 men have been denied registration. Along with the men who will be affected by this provision in the future, the 160 present class members are so numerous that joinder of all is impracticable. There is a common question of law binding this class together: is the "wife-beater" provision unconstitutional? Wayne Hobson's claim is typical of the members of the class in that he is barred from voting because of his conviction. It makes no difference whether these men were excluded from registering or were later purged from the voting rolls.[4] Hobson and the class all share one characteristic—they cannot vote because of this disqualifying offense—and this fact is more important than any other in regard to this attack on the franchise provisions of the Alabama Constitution. Because of his congruity of interest with the class, Hobson has represented the class fairly and adequately. Notice of the pendency of the class action is not necessary when, as here, the case is brought pursuant to the provisions of Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure.

The defendant class consists of 67 three-member boards, making joinder impracticable. As noted above, the plaintiff's attack centers on the constitutional provision itself, not the actions of any particular board.

As already noted, some of the boards have failed to answer the interrogatories, some have purged "wife-beaters" and some have not; some keep adequate records and some do not. These differences are handled by the establishment of three sub-classes:

*Sub-class A:*

Those boards that did not respond to the interrogatories or which have records

of purged electors for less than ten (10) years: Autauga, Baldwin, Barbour, Bibb, Blount, Bullock, Calhoun, Chambers, Cherokee, Chilton, Choctaw, Clarke, Clay, Cleburne, Coffee, Conecuh, Coosa, Covington, Crenshaw, Cullman, Dale, Dallas, DeKalb, Escambia, Etowah, Fayette, Franklin, Greene, Hale, Henry, Jackson, Jefferson, Lamar, Lauderdale, Lee, Lowndes, Marengo, Marion, Montgomery, Pickens, Pike, Saint Clair, Shelby, Sumter, Talladega, Tallapoosa, Tuscaloosa, Walker, Washington, Wilcox, and Winston;

*Sub-class B:*

Those boards which have purged "wife-beaters" and have records for more than 10 years: Madison, Mobile and Russell;

*Sub-Class C:* Those boards which have not purged "wife-beaters" within the last 10 years: Butler, Colbert, Elmore, Geneva, Houston, Lawrence, Limestone, Marshall, Monroe, Morgan, Perry, Randolph, and Russell.

## CONSTITUTIONALITY

This action concerns the application of constitutional and statutory provisions of Alabama law by the registrars of Bibb County. The provisions in question state as follows:

Section 182. The following persons shall be disqualified both from registering, and from voting, namely:

All idiots and insane persons; those who shall by reason of conviction of crime be disqualified from voting at the time of the ratification of this Constitution; those who shall be convicted of treason, murder, arson, embezzlement, malfeasance in office, larceny, receiving stolen property, obtaining property or money under false pretenses, perjury, subornation of perjury, robbery, assault with intent to rob, burglary, forgery, bribery,

---

**3.** About half of the Boards did not respond to the order for discovery. Plaintiff sought no sanctions and no order compelling the answers. However, the absence of answers from these Boards will require that they be treated differently from the other class members.

**4.** Authority for exclusion is contained in *Ala. Code* of 1940 (Recomp.1958), Tit. 17, § 15, while purging is contained in § 44. In each case the standards are the same.

*assault and battery on the wife,* . .. [Emphasis supplied.] *Ala.Const.,* Art. 8, § 182.

§ 15. *Disqualifications of elector to vote.*—The following persons shall be disqualified both from registering and voting: All idiots and insane persons; those who were by reason of conviction of crime disqualified from voting at the time of the ratification of the Constitution on November 28, 1901; those who have been since November 28, 1901, or who shall be convicted of treason, murder, arson, embezzlement, malfeasance in office, larceny, receiving stolen property, obtaining property or money under false pretenses, perjury, subornation of perjury, robbery, assault with intent to rob, burglary, forgery, bribery, *assault and battery on wife,* . . .. [Emphasis supplied.] *Ala.Code* of 1940 (Recomp. 1958), Tit. 17, § 15.

The plaintiff was removed from the list of registered voters in Bibb County and was disqualified from voting or standing as a candidate for public, elective office in Alabama because he had been convicted of assault and battery on his wife, a misdemeanor charge. (See *Ala.Code* 1940 (Recomp.1958), Tit. 14, § 33.)

■ It is well established that a citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction. That right is one which is, perhaps, "preservative of all rights." *Yick Wo v. Hopkins,* 118 U.S. 356, 370, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). While the right to vote can be restricted, the purpose of the restriction and the overriding state interest served by it must meet a close constitutional scrutiny. *Dunn v. Blumstein,* 405 U.S. 330, 336, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). In such cases, a court must determine whether the exclusion is necessary to promote a compelling state interest. *Oregon v. Mitchell,* 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970).

■ The State's interest in preserving the "purity" of the franchise may allow it to exclude all felons, c.f., *Richardson v. Ramirez,* 418 U.S. 24, 94 S.Ct. 2655, 41

L.Ed.2d 551 (1974), but exclusion of some, but not all, of a subject category of persons (here, misdemeanants) must be supported by a compelling state interest. *See, Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); *Kramer v. Union Free School District No. 15,* 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969). The State can show no such interest here—or even a rational reason—to support the exclusion of wife beaters, while not excluding others convicted of assault and battery pursuant to Title 14, § 33.

■ To survive constitutional review, gender-based classifications, at a minimum, must be "reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Reed v. Reed,* 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971), quoting from *F. S. Royster Guano Company v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920). The Constitution tolerates no difference based exclusively on sex for those persons similarly situated.

In this case, the plaintiff has been denied the right to vote because of a conviction for assault and battery against his spouse. Yet, women who are convicted of assault and battery against their spouses do not lose their right to vote.

■ A number of lower courts have found that the principle of equal protection is violated when different punishment for offenses is grounded merely on the basis of gender. *Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972); *United States ex rel. Robinson v. York,* 281 F.Supp. 8, 16 (D.Conn.1968); *Commonwealth v. Daniel,* 430 Pa. 642, 243 A.2d 400 (1968). In the present case, men and women who are convicted of spousal assault and battery are treated differently: only men are denied the right to vote.

■ This case does not question "whether a State may constitutionally exclude some or all convicted felons from the

franchise." *Richardson v. Ramirez, supra.* Instead, it questions whether the state may exclude people from the franchise by treating one sex differently from the other. *Reed v. Reed, supra.* Nor does the Alabama constitution establish this gender-based classification in an attempt to provide for special problems of women or men. *Schlesinger v. Ballard,* 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975). No compelling, or even rational, state policy has been suggested to explain why conviction of men for assault and battery against the spouse is a cause for disqualification while the conviction of women for the same offense is not disqualifying. While wife-beating is a reprehensible crime, it is no more so than assault and battery on any other adult. Thus, the provisions also violate the plaintiff's right to equal protection of the laws in that an irrational distinction is made between misdemeanants convicted of assault and battery.

RELIEF

A declaratory judgment will be entered holding the "assault and battery on the wife" clause of *Ala.Const.,* Art. 8, § 182 (1901), and *Ala.Code* of 1940 (Recomp.1958), Tit. 17, § 15, to be unconstitutional.

■ All boards of registrars will be enjoined to cease applying these provisions. In addition, sub-class A boards will be enjoined to publish a notice that persons purged for this reason may now register; sub-class B boards shall either publish the notice or send notice to each person purged by first-class mail.

The plaintiff's attorneys shall make their request for attorney's fees within fifteen (15) days. Civil Rights Attorney's Fees Act of 1976, Pub.L. 94–559, 90 Stat. 2641.

ORDER OF FINAL JUDGMENT
AND INJUNCTION

In conformity with and pursuant to the Memorandum of Decision entered this date,

It is DECLARED that *Ala.Const.,* Art. 8, § 182 (1901), and *Ala.Code* of 1940 (Recomp. 1958), Tit. 17, § 15, are unconstitutional

insofar as they disenfranchise those convicted of "assault and battery on the wife," and the defendants and the class they represent are hereby ENJOINED from applying said provision to any present or prospective voter.

The Boards of Registrars of Autauga, Baldwin, Barbour, Bibb, Blount, Bullock, Calhoun, Chambers, Cherokee, Chilton, Choctaw, Clarke, Clay, Cleburne, Coffee, Conecuh, Coosa, Covington, Crenshaw, Cullman, Dale, Dallas, DeKalb, Escambia, Etowah, Fayette, Franklin, Greene, Hale, Henry, Jackson, Jefferson, Lamar, Lauderdale, Lee, Lowndes, Marengo, Marion, Montgomery, Pickens, Pike, Saint Clair, Shelby, Sumter, Talladega, Tallapoosa, Tuscaloosa, Walker, Washington, Wilcox, and Winston Counties are hereby ENJOINED to reinstate all men who have been purged under the "assault and battery on the wife" provision and to give notice to voters by the following method:

(1) Each board shall publish one notice in each daily newspaper (or in the absence of a daily newspaper, a newspaper of general circulation) published in its county, such notice to state:

PUBLIC NOTICE

All men who have been convicted of assault and battery upon their wives and who have been purged from the voter registration lists may now register and vote (if they meet all other qualifications), by order of the United States District Court for the Northern District of Alabama. If you have been purged from the rolls for this reason, you may register to vote at _____ County Board of Registrars. Our next registration days are:

[List of registration times and places.]

(2) The notice shall be printed in type at least as large as the type used for news articles in the newspaper in which the notice is published.

(3) The notice shall be published at least ten (10) and not more than thirty (30) days before the Board holds its next meeting for the registration of voters forty-five (45) days after the date of this order.

(4) The notice shall include the times and places of registration for the following

368

year; or the times and places of registration open to all voters, regardless of precinct, during the next year; or the times and places of registration in the precincts according to *Ala.Code* of 1940 (Recomp. 1958), Tit. 17, § 26.

The Boards of Registrars of Madison, Mobile and Russell Counties are hereby ENJOINED to reinstate all voters purged under the "assault and battery on the wife" provision and to notify all members of the plaintiff class who have been purged either by publication of the notice as set out above or by mailing a first-class letter containing the notice to the last known address of the individual, unless the Registrars certify to the court that notice has otherwise been given to all members of the plaintiff class, specifying the type of notice given.

The Attorney General, William J. Baxley, is hereby ENJOINED to notify each member of the defendant class of this judgment and injunction within ten (10) days after his receipt thereof.

The plaintiff's prayer for attorneys' fees is GRANTED. Attorneys for the plaintiff shall file their petition for attorneys' fees within 15 days of the date of this order, and the defendants shall respond thereto within 15 days thereof.

Costs are taxed against the defendants.