Appellant was convicted of murder in the first degree and the jury fixed his punishment at life imprisonment. Throughout the trial proceedings he was represented by retained counsel who represent him on this appeal. At arraignment, in the presence of his attorneys, he pleaded not guilty. After sentence was imposed he gave notice of appeal.
The pertinent facts leading up to the fatal shooting of the deceased are set forth in the opinion in Suggs v. State,403 So.2d 303, 7 Div. 692, Ala.Cr.App., released this date. In that cause, which grew out of the same incident as the one here under consideration, appellant was convicted of assault with intent to murder the companion of the deceased of the same incident. For a more definitive statement of the facts involved in the murder conviction reference is made to the opinion involving the assault with intent to murder conviction in which appellant was sentenced to fifteen years imprisonment in the penitentiary and which sentence was made concurrent with the life sentence he received following the murder conviction.
In the murder conviction appellant raised several issues which were not involved in the conviction for assault with intent to murder. Most of these issues were first raised in his motion for a new trial and much evidence was heard in the hearing on that motion. At the conclusion of the hearing on the motion for a new trial the trial court made a written order denying the motion. The order reads as follows:
"ORDER: MOTION FOR NEW TRIAL OVERRULED
 "State of Alabama ) In The Circuit Court of Vs. ) Calhoun County, Alabama Ernest Donald Suggs, ) Case No. CC 78-578 Defendant. ) Filed 7-18-79
ORDER
 "The defendant's motion for a new trial, as amended, is submitted on the evidence presented through July 3, 1979, in open court, jury questionnaires received by the Court outside of presence of Counsel by agreement of Counsel, arguments and briefs of the attorneys and upon consideration thereof the Court finds:
 "1. That the evidence and law support the verdict of the jury.
 "2. There is no evidence to support the allegation that a juror slept or was inattentive during the trial. The Court, during the course of this trial, also, from time to time, observed the jury and did not observe any juror sleeping or inattentive.
 "3. There is no evidence that a juror had resided in Calhoun County for less than the last twelve (12) months.
 "4. One juror had been convicted of assault and battery in Calhoun County Court on a warrant sworn out by his wife, the alleged victim. Section 182 of Article VIII of the Constitution of Alabama lists disqualifications from registering and voting, many are violative of the United States Constitution and therefore are invalid. One is assault and battery on a wife. This cannot be considered any longer as a disqualification to register *Page 311 
and vote. See Hopson v. Pow, 434 F. Supp. 362.
 "5. On voir dire examination of the jury by the State of Alabama the venire was asked whether any jurors `had ever been associated or connected with anyone that had been involved in a criminal case.' One juror's son was involved in a `hub cap' case which was more than ten (10) years ago but he did not respond to the question. The Court considers this remote and no prejudice to the defendant has been shown.
 "6. The Court qualified the venire by asking the following question: `Has anyone of you ever lost the right to vote as a result of conviction of a crime involving moral turpitude? Moral turpitude generally means a crime punishable by imprisonment in the state penitentiary, but includes any crime contrary to honesty, justice, and good morals.' No juror responded to this question. One juror, who served on this case, in 1977, has been convicted of petit larceny in the Recorder's Court of the City of Anniston. It has long been held that convictions in Municipal or Recorder's Courts are not crimes involving moral turpitude.
 Norris v. State, 229 Ala. 226, 156 So. 556. Parker v. State, 280 Ala. 685, 198 So. 261. Huggins v. State, 271 Ala. 428, 123 So. 911.
 "The Recorder's Court of the City of Anniston had only the jurisdiction to enforce its ordinances at the time of the conviction.
 "The Court is of the opinion the juror answered the question correctly. He has never been removed from the voting rolls of Calhoun County. This juror and the defendant's father have been acquaintances for more than fifteen years and it is inconceivable this was not known to the defendant and his attorneys prior to trial as defendant's father retained the defendant's counsel. Calhoun County does not have `secret venires' and the jury list was available to the attorneys at least two weeks prior to trial. No prejudice to the defendant has been shown.
 "7. Defendant alleges that a juror was deaf and cannot read or write. This has not been shown by the evidence and in court and on this hearing the juror appears to the Court to have sufficient hearing, reading and writing ability to qualify for jury service.
 "8. There is no evidence to support the contention the jury venire was selected or chosen contrary to law. Also, see: Manson v. State, Ala.Cr.App., 349 So.2d 67.
 "9. The defendant further claims the Court erred in excluding from the Rule, Mr. Hakes, father of the deceased who sat at the counsel table with the State's attorney during the trial. The assistant District Attorney asked that Mr. Hakes be excused from the Rule which the Court granted. The Court does not find this to be an abuse of discretion and the State is entitled such request. The defendant has failed to show any prejudice in the trial of this case due to Mr. Hakes' presence in the Courtroom nor any abuse of discretion by the Court. It is within the discretion of the Court to excuse a witness from the `Rule' and consent of the defendant is not necessary. Mr. Hakes only came to tears one time while he was on the witness stand testifying.
 "10. During the trial the female companion of deceased, while testifying, became emotionally distressed and Court had to be adjourned for her to regain her composure. She retired to the only witness room and her mother and the mother of the deceased went into said room to comfort her. Part of this occurred in the presence of the Trial Judge. Nothing prejudicial to the defendant has been shown by this event. Defendant has failed to show any prejudice to Defendant or impropriety on the part of any State witness.
 "11. Jurors were allowed to separate by agreement with the State and Defendant, which was made in writing prior to trial, and the defendant has not shown any prejudice from this occurrence.
 "12. Defendant alleges that it was error to refuse his requested charge # 14 *Page 312 
which was marked `refused' by the Court. The Court is of opinion this charge was adequately covered in its oral charge and by requested charges # 20 and # 21 which were given.
 "13. There is no evidence to support the allegation that the Jury Commission of this County systematically excluded persons over sixty-five (65) years of age and the Court has personally seen many jurors over sixty-five (65) years of age in jury panels since the new jury box has been filled under the jury law enacted in May of 1978.
 "14. In regard to the twentieth ground of defendant's motion for a new trial the telephone tape of the City of Anniston concerning the day of this incident was reused and not available at the time defendant brought this to the Court's attention. Nothing inculpatory or exculpatory has been alleged or shown to have been on this tape and no prejudice to the defendant has been shown. The weapons turned in to police by defendant and his father appear to be the only weapons at the scene of the incident and none were found by the police. All physical evidence has been shown to the defendant at his request and only marijuana, which was apparently the defendant's, was found by the police. The Statement of Cathy Robb was given to defendant prior to trial and there is no evidence a drawing was made by Ms. Robb and therefore could not have been withheld by the State.
 "15. The statement by the prosecuting attorney `Leslie Hakes was executed by the defendant' was proper argument in his final argument and a comment on a reasonable inference from the facts of the case as presented in Court.
 "16. Photographs of murder victims and scenes are admissible to shed light upon the material inquiry and were particularly helpful due to the conflicting evidence presented.
 "17. The political ad of now Judge Nat Owens was publicized in August of 1978. The trial occurred in February, 1979. Nothing has been shown prejudicial to defendant from this ad.
 "18. There is no evidence to support ground no. 25 of defendant's motion nor has there been an offer to do so.
 "19. The voir dire questions in ground no. 25 and 26 were not illegal questions and might have assisted the State in selection of jurors if affirmative answers had been given.
 "20. The voir dire question in ground no. 28 is a valid inquiry by the State.
 "21. There is no evidence or offer thereof to support ground no. 30 of said motion.
 "22. The defendant has not shown any prejudice from error in State's report by Dr. Embry where the blanching on the face of deceased was described as being on one side of the face and Dr. Embry in his testimony described it correctly as being on the other side of the face which was the side on the ground.
 "The blood stains on the side of the truck were stated to be on the left side in the police report and the police officer meant left side while facing the vehicle which he testified on the stand as the `passenger side'. No prejudice to the defendant has been shown.
 "It is therefore ORDERED and ADJUDGED by the Court that defendant's motion for new trial be and it hereby is overruled.
"Done and ORDERED this 18th day of July, 1979.
 /s/ Robert M. Parker
Circuit Judge"
This is a bizarre case. After appellant shot and killed Leslie Hakes and wounded Kathy Robb only two witnesses were left to tell the jury what actually occurred at the scene of this conflicting crime, (appellant and Robb). Their testimonies were in sharp conflict as to the shooting and the physical facts. Robb gave one version and appellant gave another. Appellant claimed the shooting was accidental and Robb contended the shooting was a deliberate act. Appellant claimed that he did not intend to shoot the deceased and did not know that Kathy *Page 313 
Robb had been shot. Appellant did admit that while he was running into the woods he turned around and intentionally fired his pistol in the direction of the deceased and that he fired several times.
Conflicting evidence is always a question for the jury to determine, and a verdict rendered thereon will not be disturbed on appeal. Waters v. State, 55 Ala. App. 646, 318 So.2d 342;Vines v. State, 57 Ala. App. 117, 326 So.2d 307; Woods v. State, Ala.Cr.App., 344 So.2d 1225; Young v. State, Ala.Cr.App.,346 So.2d 509.
It is not within the province of the Court of Criminal Appeals to pass judgment on the truthfulness or falsity of conflicting evidence. Young v. State, Ala.Cr.App.,346 So.2d 509; Williams v. State, Ala.Cr.App., 348 So.2d 1142.
Circumstantial evidence may afford satisfactory proof of the corpus delicti in a murder prosecution. If facts are presented from which the jury may reasonably infer that the crime has been committed the question must be submitted to the jury and the other evidence tending to implicate the defendant is thereby rendered admissible. Davis v. State, Ala.Cr.App.,331 So.2d 813; Hoback v. State, Ala.Cr.App., 338 So.2d 439;Scroggins v. State, Ala.Cr.App., 341 So.2d 967.
In Young v. State, 283 Ala. 676, 220 So.2d 843, the Supreme Court held:
 "Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, do not constitute error. . . ."
We are in full accord with the findings of the trial court in his written order overruling the motion for a new trial. The evidence was more than sufficient to sustain the verdict of the jury in finding appellant guilty of murder in the first degree.
We have carefully searched the four-volume record in this case for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur, except BOOKOUT, J., not sitting.