Willie Byrd Knight was charged with unlawfully breaking and entering into a vehicle in violation of § 13A-8-11, Code of Alabama 1975. He was found "guilty as charged in the indictment" and sentenced to five years in prison.
The record indicates that the appellant was arrested on April 2, 1987, at approximately 9:00 p.m. at Travis Enfinger's Body Shop for breaking and entering a vehicle that was parked on the lot. Joey Shelly testified for the State at trial that he had been driving his father's white Toyota Celica for approximately three or four months and had taken it to Travis Enfinger's Body Shop for repairs in late February or early March. According to Shelly, there were several cassette tapes in his car, including a Hank Williams, Jr. tape which he had recently purchased entitled, "The Pressure is On".
Sergeant John White of the Dothan Police Department testified that he drove by the body shop that night with his headlights off in response to a "suspicious person" call. When he drove by, he saw the appellant crouched by the driver's side at the rear of the car and then saw him raise up. He testified that, when the appellant saw him, he crouched back down beside the car. The appellant's car was a 1979, white Toyota Celica and was parked behind the Shelly vehicle. Sergeant White testified that he called for another police car to detain the vehicle and then drove back to the lot. He testified that he saw a set of windshield wiper arms and blades in the rear floorboard behind the driver's seat of the appellant's car. He also saw a Hank Williams, Jr. cassette tape in the car. Sergeant White testified that there was a two gallon bucket and a water hose where the appellant had been crouching. He further testified that the appellant told him that he had given someone $1.00 to buy some gasoline for him. Sergeant White also stated that there was no gasoline spilled around the car.
Body shop owner Travis Enfinger also testified for the State. He testified that there were cassette tapes in the Shelly car prior to the arrest and that one of his mechanics had removed the wipers and put them in the car. Enfinger positively identified the wipers found in the appellant's car as the wipers that had been removed from and put in the Shelly car. He testified that he frequently checked the cars on his lot. Enfinger also testified that the bucket and water hose found next to the appellant's vehicle belonged to him. He testified that all of the cassette tapes in the Shelly car were gone when he arrived at the scene that night.
Sergeant Robert Jenkins responded to Sergeant White's call to detain the appellant. He testified that he saw windshield wiper blades on the left, rear floorboard of the appellant's car and recovered two cassette tapes from the car. He testified that one tape did not have a label and the other was a Hank Williams Jr. tape entitled, "The Pressure is On". Sergeant Jenkins *Page 649 
also testified that the holder to the Hank Williams, Jr. tape was in the Shelly vehicle. He testified that the appellant told him that the wipers came from his Gran Prix Pontiac and the tapes belonged to a friend. He further testified that the appellant told him he was out of gasoline and, when asked if the gasoline instruments were in working order, the appellant stated that they were. Sergeant Jenkins stated that he turned on the appellant's car ignition and the gasoline gauge registered a quarter of a tank. He also testified that the wipers would not fit a Gran Prix.
The appellant's mother, Rebecca Knight, testified for the defense and stated that the windshield wipers came off her Toyota. The record indicates that Knight owned a 1970 Toyota Corona. She identified the wipers found in the appellant's car as the wipers from her Toyota. She testified that she told appellant's friend he could take off the wipers because she was going to sell the car. She repeatedly testified that the wipers were removed on May 31, but later stated that she must have "gotten the months wrong" and the wipers were removed two days prior to the arrest. She also testified that both she and the appellant owned some Hank Williams, Jr. tapes. Knight also testified that the appellant's arm had been injured sometime prior to the arrest and that there was a "little brace" on his arm. There were several discrepancies in her testimony.
Jerry Brock also testified for the defense. He testified that he helped the appellant remove the windshield wipers from Knight's Toyota and put them in the back of the appellant's Celica. He testified that the windshield wipers found in the appellant's car looked like the ones he had taken off.
The appellant testified that Jerry Brock took the wipers off of his mother's car because his wipers were not working correctly. He testified that they did not get a chance to put the wipers on so they put them in his car. The appellant testified that on the night of his arrest he was on his way to a friend's house to pick up some tapes and his car stopped several times. He finally pulled the car into the body shop lot. He testified that he grabbed a bucket which he found on the lot and gave an acquaintance who was passing by $1.00 and the bucket to bring him some gasoline. The appellant testified that his friend brought the gasoline and left. He also testified that he tried to stop the police for help when they drove by. According to the appellant's testimony, his arm hurt and he wasted half of the gasoline trying to pour it in the car. The appellant testified that he had his own cassettes in the car. He testified that he told the police that the wipers came off of a Toyota at his house. He further testified that his gasoline needle "floated" and it could read a quarter of a tank but still not have enough gasoline to run.
On rebuttal Joel Shelly identified the two tapes that were found in appellant's car. Shelly, a "parts man" for Dothan Subaru, was also qualified and allowed to testify as an expert regarding gasoline gauges and wipers. Shelly testified that, if a car is out of fuel, a floating needle will usually not move past empty and, in most cases will not reach the empty mark. He also testified that, if a gasoline gauge is broken, it will usually stick at the place where it is broken. Shelly further testified that the wipers of a 1970 Corona would not fit on a 1979 Celica.
After the State completed its rebuttal, the appellant moved the court to exclude the State's evidence and further asked for a judgment of acquittal. The appellant appeals from the denial of these motions and argues that the evidence is insufficient to sustain the conviction because the State failed to prove a prima facie case.
Section 13A-8-11(b), Code of Alabama 1975 provides that "a person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters any part of a vehicle with the intent to commit any felony or theft."
The appellant erroneously argues that the State failed to show a breaking and entering. The corpus delicti may be proven by circumstantial evidence and "if *Page 650 
there is evidence from which its existence may reasonably be inferred the question of sufficiency and weight of the evidence must be submitted to the jury." Burlison v. State,369 So.2d 844, 848 (Ala.Crim.App.) cert. denied, 369 So.2d 854 (Ala. 1979). "The possession of goods recently stolen in a burglary affords a logical inference that the possessor — without a satisfactory explanation — was the burglar." Miller v. State,43 Ala. App. 287, 289, 189 So.2d 576 (1966), cert. denied,280 Ala. 715, 189 So.2d 580 (1966). See also Burlison.
Circumstantial evidence that points to the guilt of the accused is entitled to the same weight as direct evidence. Trammell v.State, 377 So.2d 12 (Ala.Crim.App. 1979); Mains v. State,375 So.2d 1299 (Ala.Crim.App. 1979).
The State proved that Joey Shelly recently purchased a Hank Williams Jr. tape entitled, "The Pressure is On" which was left in his car at the body shop. The investigating officer found a tape by the same artist with the same title in appellant's car and found a cassette tape holder for a tape by the same artist with the same title in Joey Shelly's car. The wipers found in the appellant's car were positively identified by the body shop owner as the wipers which had been removed from the Shelly vehicle and put in this car. The appellant crouched beside his car when the police drove by. The appellant was driving a car almost identical to the Shelly car and was parked almost directly behind it. Although the appellant told the police that he was out of gasoline, the gasoline gauge registered a quarter of a tank. The State met its burden of proving a prima facie case at the close of its evidence.
The function of an appellate court is to decide "whether there is legal evidence from which the jury could by fair inference find the defendant guilty." Johnson v. State,378 So.2d 1164, 1169 (Ala.Crim.App.), cert. quashed,378 So.2d 1173 (Ala. 1979). See also Cumbo v. State, 368 So.2d 871
(Ala.Crim.App. 1978), cert. quashed, 368 So.2d 877 (Ala. 1979);Scruggs v. State, 359 So.2d 836 (Ala.Crim.App.), cert.denied, 359 So.2d 843 (Ala. 1978). A conviction will not be set aside on the basis of sufficiency unless, "allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it was wrong and unjust." Johnson v.State, 378 So.2d 1164, 1169 (Ala.Crim.App.), cert. quashed,378 So.2d 1173 (Ala. 1979). Morton v. State, 338 So.2d 423
(Ala.Crim.App.), cert. denied, 338 So.2d 428 (Ala. 1976).
There is ample evidence from which to sustain this appellant's conviction. See Cumbo v. State, 368 So.2d 871
(Ala.Crim.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). Furthermore, such conflicting evidence presents a question for the jury and a verdict rendered thereon will not be reversed on appeal. Suggs v. State, 403 So.2d 309 (Ala.Crim.App.), writdenied, 403 So.2d 313 (Ala. 1981), cert denied, 455 U.S. 938,102 S.Ct. 1428, 71 L.Ed.2d 648 (1982); Gunn v. State,387 So.2d 280 (Ala.Crim.App.), cert. denied, 387 So.2d 283 (Ala. 1980).
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.