Earnest McMillian, the appellant, was indicted and convicted for Robbery I. He was sentenced as an habitual offender to forty years' imprisonment. Two issues are raised on appeal.
 I
McMillian argues that his motion for judgment of acquittal was due to be granted because four alibi witnesses corroborated his contention that he was not physically present in Alabama when the robbery was committed.
Wanda Preston testified that she and her husband owned Preston's Package Store in Mobile County and that on December 14, 1981, McMillian, armed with a pistol, and another man took $90 from the register. The following day, she selected McMillian's photograph from a photographic array composed of "about seven" photographs. She stated that there was no doubt in her mind that McMillian was one of the robbers. Mrs. Preston was the sole witness for the State.
A prima facie case of robbery in the first degree may be based on the testimony of the victim. Pickett v. State,417 So.2d 589, 591 (Ala.Cr.App. 1982). Although disparity in the number of witnesses is a circumstance the jury may properly consider in reaching its verdict, "the number of witnesses in a criminal trial is not the basis for determining the issue of guilt since a fact may be established as firmly by the testimony of one witness as by the testimony of an entire community." White v. State, 410 So.2d 135, 137 (Ala.Cr.App. 1981). Regardless of the respective number of witnesses testifying for the State and for the defense, a verdict on conflicting evidence is conclusive on appeal. Roberson v.State, 162 Ala. 30, 50 So. 345 (1909). "Conflicting evidence is always a question for the jury to determine, and a verdict rendered thereon will not be disturbed on appeal." Suggs v.State, 403 So.2d 309, 313 (Ala.Cr.App.), cert. denied, Ex parteSuggs, 403 So.2d 313 (Ala. 1981), cert. denied, 455 U.S. 938,102 S.Ct. 1428, 71 L.Ed.2d 648 (1982). "It is not the province of this court to pass on the truthfulness or falsity of the conflicting evidence." Phelps v. State, 410 So.2d 435, 437
(Ala.Cr.App. 1981). A jury's resolution of conflicting evidence regarding the existence and extent of a defendant's participation in a crime, when based on legal evidence, cannot be disturbed on appeal. Walls v. State, 378 So.2d 1186, 1191-92
(Ala.Cr.App. 1979), cert. denied, Ex parte Walls,378 So.2d 1193 (Ala. 1980). "(C)onflicting evidence presents a jury question not subject to review provided the State's evidence establishes a prima facie case." Reed v. State, 372 So.2d 872,874 (Ala.Cr.App. 1978), reversed on other grounds,372 So.2d 876 (Ala. 1979).
"(A)libi evidence is always a jury question." Ransom v.State, 360 So.2d 731, 735 (Ala.Cr.App.), cert. denied, Ex parteRansom, 360 So.2d 736 (Ala. 1978).
 II
The photographs constituting the photographic lineup from which Mrs. Preston *Page 465 
identified McMillian were admitted into evidence at trial. The objection, raised only on appeal, that McMillian's photograph was a "mug shot" and therefore inadmissible, see Holsclaw v.State, 364 So.2d 378 (Ala.Cr.App.), cert. denied, 364 So.2d 382
(Ala. 1978), was not raised in the trial court and is not preserved for review. In view of the fact that "mug shots" may be properly admitted into evidence with certain limitations,United States v. Harrington, 490 F.2d 487 (2nd Cir. 1973), and even their erroneous admission may constitute harmless error,United States v. Rixner, 548 F.2d 1224 (5th Cir.), cert. denied, 431 U.S. 932, 97 S.Ct. 2639, 53 L.Ed.2d 248 (1977), the admission of a mug shot into evidence does not constitute plain error. We do not find that this alleged error "seriously threaten(s) the fairness or integrity of the judicial proceeding." United States v. Chaney, 662 F.2d 1148, 1152 (5th Cir. 1981). See also United States v. Atkinson, 297 U.S. 157,160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.