TYSON, Judge.
Thomas Barnes III was indicted for first degree rape. The jury found him “guilty as charged in the indictment.” He was then sentenced to 15 years and 1 day in the penitentiary. He appeals.
The victim in this cause was the appellant’s 11-year old stepdaughter. She testified that during the previous summer when her mother and grandmother had gone to buy swimsuits, she was at home with her stepfather. She testified that the appellant told her to come in the living room and sit on his lap. She testified that appellant kissed her on the lips and that when she asked him to quit, he said no, and that, after that, he carried her into his bedroom and started to pull off her pants.
She testified that after he took off her pants, “he put his dingdong in me.” (R. *78 19) She said that it hurt and that she asked him to quit, but that he would not.
The victim did not tell anyone about the rape until the appellant entered the hospital later that summer. At that time she told her grandmother and cousin. Then, she told her school nurse.
Dr. Marsha Rawlerson, a pediatrician, testified as to her experience in treating victims of child sexual abuse. She testified that the victim told her that the appellant had sexual intercourse with her. Dr. Rawl-erson examined the victim three times. Based upon the size of the vaginal opening, it was her opinion that the victim had been, at some time in the past, penetrated sexually and that she had healed from the penetration.
The appellant testified that he did not rape the victim.
The other testimony in this cause concerned the credibility of the witnesses and the victim.
I
The appellant contends that there was insufficient evidence to support a conviction of first degree rape.
This court in South v. State, 533 So.2d 729, 733 (Ala.Cr.App.1988), quoted Dolvin v. State, 391 So.2d 133 (Ala.1980), as setting out the proper standard for appellate review of the sufficiency of the evidence in a case such as this one.
“ ‘ “In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).
“ ‘ “[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir.1969); Roberts v. United States, 416 F.2d 1216 (5th Cir.1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir.1967):
“ ‘ “ ‘Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949.... The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of the evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged. McGlamory, 441 F.2d at 135 and 136.’ ” ’ (Emphasis in original.) “391 So.2d at 137-38, quoting Cumbo v. State, 368 So.2d 871-874 (Ala.Cr.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979)
“Robinette v. State, 531 So.2d 697 (Ala.1988).”
South at 733.
Along with the direct testimony of the sexual intercourse between the appellant and the victim, there was also circumstantial evidence in the form of testimony by a pediatrician, Dr. Marsha Rawlerson, as to the size of the opening of the victim's vagina. Dr. Rawlerson testified that the victim had been penetrated sexually.
In this cause, there was sufficient evidence placed before the jury to sustain the appellant’s conviction. The evidence was sufficient to allow the jury to infer the appellant’s guilt beyond a reasonable doubt. McCrory v. State, 505 So.2d 1272 (Ala.Cr.App.1986); Locke v. State, 527 So.2d 1343 (Ala.Cr.App.1987), aff’d, 527 So.2d 1347 (Ala.1988); South v. State, 533 So.2d 729 (Ala.Cr.App.1988).
*79 The appellant also contends that the trial court erred in denying his motion to dismiss because, he says, the State failed to prove a prima facie case.
In order to prove a prima facie case of rape in the first degree, the State must prove that the appellant, a male, did 1) engage in sexual intercourse with a female who was 2) less than 12 years of age. § 13A-6-61, Code of Alabama 1975. The victim testified to the sexual intercourse between her and the appellant. This court has held that the testimony of the victim alone is sufficient to establish a prima facie case. Simpson v. State, 401 So.2d 263 (Ala.Cr.App.), cert. denied, 401 So.2d 265 (Ala.1981); McMillian v. State, 448 So.2d 463 (Ala.Cr.App.1984); Nguyen v. State, 547 So.2d 582 (Ala.Cr.App.1988).
In this cause the evidence raised questions of fact for the jury, and that evidence, if believed, was sufficient to sustain the conviction; therefore, the denial of the motion to dismiss did not constitute error. McConnell v. State, 429 So.2d 662 (Ala.Cr.App.1983); Harris v. State, 333 So.2d 871 (Ala.Crim.App.1976).
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.