The appellant, Curtis Coats, was convicted of two counts of rape in the first degree and two counts of sodomy in the first degree. He was sentenced to 25 years' imprisonment on each count, with the sentences to run concurrently. He raises three issues on this appeal from those convictions.
 I.
The appellant's contention that his convictions are contrary to the great weight of the evidence is without merit. The State presented a prima facie case that the appellant raped and sodomized his two stepdaughters, who were under the age of 12. The testimony of the two children alone was sufficient to support the verdict of the jury. See Barnes v. State,580 So.2d 77, 79 (Ala.Cr.App. 1991); Jones v. State, 580 So.2d 97, 103
(Ala.Cr.App. 1991). The question of the victims' credibility was one for the jury and not for this Court. See Malone v. State,536 So.2d 123, 124 (Ala.Cr.App. 1988).
 II.
During the prosecutor's closing argument to the jury, defense counsel made the following objection:
 "Judge, we object and move for a mistrial at this time based on the prior statement of counsel during closing statements that he's, referring to the defendant, out there now and you need to convict him. He's out there in your county." R. 294.
The trial court denied the motion and also denied defense counsel's motion for a mistrial based on the prosecutor's alleged statement, "You have the power to stop him." R. 294.
The record does not reveal the exact context or the alleged objectionable character of the prosecutor's comments. SeeHadley v. State, 448 So.2d 465, 468 (Ala.Cr.App. 1984). The trial court could very well have considered these comments as a legitimate *Page 1261 
appeal to law enforcement. See Bryant v. State, 585 So.2d 259,260 (Ala.Cr.App. 1991). No abuse of the discretion of the trial court has been shown.
 III.
The appellant argues that the trial court committed reversible error by refusing to permit the appellant to review the statement made by victim N.A.S. to any state agent or investigator. Although there are two victims in this case, defense counsel sought to review only any statements made by N.A.S.
At the conclusion of the prosecutor's direct examination of victim N.A.S., defense counsel requested "any copies of written oral statements given to the prosecutor." R. 60. The prosecutor replied that he did not have "any written statements that she's made at all," but that the "DHR [Department of Human Resources] lady maybe in Talladega has stuff but I mean, I haven't seen her official report or anything like that." R. 61. After conferring with the "DHR lady," who was subsequently identified as Talladega County DHR social worker Shealey Sawyer, the prosecutor stated that he would "oppose the defense counsel's motion based on the fact that the statute which deals with disclosure of DHR records doesn't have any exception for a stepparent." R. 62.
The trial court stated in the record that it had "reviewed the DHR report and [found] no exculpatory statements in the DHR report." R. 74. The trial court overruled defense counsel's request "that the defense be allowed to review [Ms. Sawyer's handwritten notes] which are reportedly recollections and impressions incident to the statement made by [N.A.S.]" R. 75.
Where a prosecution witness has testified on direct examination, the defendant, "upon laying a proper predicate, is entitled to have the [trial c]ourt, at least, conduct an in camera inspection," for the purpose of determining "whether the statement made by the witness before trial differed in any respects from statements made to the jury during the trial," and "whether the statement requested was of such a nature that without it the defendant's trial would be fundamentally unfair." Ex parte Pate, 415 So.2d 1140, 1144 (Ala. 1981) (emphasis omitted). See also Ex parte Johnson, 576 So.2d 1281
(Ala. 1991). A part of the "proper predicate" which the defendant must first establish is that the witness has either signed or authenticated a statement. See Pate,415 So.2d at 1142-43. Here, the only "statements" of the victim N.A.S. are the notes made by the county social worker during her interview with N.A.S.
However, under our holdings in Russell v. State,533 So.2d 725, 726-28 (Ala.Cr.App. 1988), Cure v. State, 600 So.2d 415
(Ala.Cr.App.) (and cases cited therein at 418), cert. denied,600 So.2d 421 (Ala. 1992), and Jordan v. State, 607 So.2d 333
(Ala.Cr.App. 1992), which adopted the principles set forth inPennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989,94 L.Ed.2d 40 (1987), an appellant is entitled, upon request, to have the trial court conduct an in camera review of the victim's complete file maintained by DHR in order to determine whether that file contains any exculpatory information. See alsoThornton v. State, 527 So.2d 143, 144-45 (Ala.Cr.App. 1987), cert. quashed, 527 So.2d 146 (Ala. 1988). Here, the trial court stated that it had reviewed the DHR report.
On appeal, the appellant argues that "[t]he trial judge's review of the 'DHR report,' as opposed to the DHR case worker's file, did not comply with the standard enunciated inPennsylvania v. Ritchie." Appellant's brief at 19.[1] However, this particular objection was not raised at trial. After the trial court stated that it had "f[ou]nd no exculpatory statements in the DHR report" (R. 74), defense counsel "specifically request[ed]) that the defense be allowed to review these hand-written notes of the Talladega County DHR social worker which are reportedly recollections and impressions incident to the statement made by the prior witness." R. 75.
The material reviewed in camera by the trial court during the appellant's trial were *Page 1262 
ordered sealed and made a part of the record by the trial court. Pursuant to Rule 10(f), A.R.App.P., this Court obtained the sealed exhibit. Our review of this exhibit reveals that it contains the notes taken by the social worker during her interview of the victims and that those notes contain no exculpatory information. We therefore find the appellant's argument regarding the trial court's review of this material to be without merit.
The appellant received a fair trial and the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Appellate counsel did not represent the appellant at trial.