The appellant, Robert Donald McMahan, was originally charged with sexually abusing his stepgranddaughters, eight-year-old D.M. and six-year-old S.M. The state's first attempt to prosecute the appellant ended in a mistrial. The appellant was tried again and was acquitted on the charge of sexually abusing S.M. but was convicted of sexually abusing D.M., a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to four years in the penitentiary.
The appellant contends that the trial court erred by denying his pretrial motion to compel the state to elect between offenses and for denying his motion for judgment of acquittal made at the close of the state's case on the same grounds. He maintains that the indictment does not specify whether he was charged with committing a sexual offense on one occasion or on several occasions. Furthermore, he asserts *Page 1289 
that the state put on evidence (the videotaped testimony of the alleged victim) that suggested to the jury that there were several distinct and separate occurrences of sexual contact. The indictment in question states:
 "The Grand Jury of said County charge that before the finding of this indictment, Bob McMahan, being sixteen years of age or older, did subject to sexual contact [D.M.], who is less than twelve years of age, in violation of § 13A-6-66 of the Code of Alabama 1975, as amended, against the peace and dignity of the State of Alabama."
During the pretrial hearing on the appellant's motion for election, the court asked the prosecutor: "In either of these cases, is there some testimony about more than one day, more than one occasion when the sexual contact was supposed to have occurred?" The prosecutor replied: "It's really loose. The girls testified and it could be taken that it happened over several different days, that they were there on several occasions. It can also be taken that it was one. It was never narrowed down." (R. 49-50.) When the appellant renewed his motion at the end of the state's case, the prosecutor responded as follows:
 "Your Honor, the state's position is that we are dealing with two children who are eight and six at the time of testifying and approximately that age during the time frame that this went on. The testimony of the children given their age is — has been pinned down as closely as anyone could get it to any specific incident. Certainly we're dealing with a time frame of the summer of 1990. The testimony can be taken to include one event or more than one event.
 "There was no allegation of a specific date made in the indictment, and we don't believe that the testimony has materially differed from what the indictment alleges. Simply that at some time before the finding of this indictment that this event happened on at least on occasion." (R. 109.) (Emphasis added.)
In Deason v. State, 363 So.2d 1001 (Ala. 1978), the Alabama Supreme Court condemned the state's practice of charging in a one-count indictment a single offense and then presenting evidence of different offenses that arose out of separate transactions. In addressing the issue of election, the Court wrote as follows:
 "In Watkins v. State, 36 Ala. App. 711, 63 So.2d 293 (1953), Judge Harwood summed up the requirement:
 " 'The doctrine of election operates to protect a defendant from being prosecuted for more than one offense in the same count of an indictment. Where the evidence discloses two or more offenses growing out of distinct and separate transactions, a court should grant a timely motion to require the state to elect.' (citations omitted)
". . . .
 ". . . [The appellant's] timely motion to that effect should have been granted, and the failure to grant it was reversible error."
Deason, 363 So.2d at 1006.
This court has also addressed the issue of election inReed v. State, 512 So.2d 804 (Ala.Cr.App. 1987). In reversing Reed's conviction, we held that:
 "The state was, in the case at bar, clearly attempting to submit several different incidents to the jury without specifying upon which incident a conviction was sought. The record reveals that the jury was never
instructed as to exactly which act or incident was to be considered in their determination of guilt. There was no guidance or explanation given, whatsoever, to the jury regarding the purpose of the admission of these five incidents. Indeed, it is unclear upon which incident their conviction was based."
Reed, 512 So.2d at 809. (Emphasis in the original.)
In the present case, the alleged victim, D.M., testified that the appellant "touched her" on more than five separate and distinct occasions (every time that she visited her grandmother's home). As in Reed, the jury received no instruction concerning *Page 1290 
which incident was to be considered in their deliberations. Likewise, the record in this case is exceedingly unclear as to which of the alleged events precipitated the appellant's conviction. Therefore, based on the aforementioned authorities, we find that the trial court erred by not requiring the state to elect as to which alleged occurrence a conviction was sought.
For the reasons set forth above, the appellant's conviction for sexual abuse in the first degree is hereby reversed and his cause remanded to the Circuit Court for Russell County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur, except MONTIEL, J., dissents without opinion.