The appellant, James E. King, was charged in a three-count indictment with sodomy in the first degree, rape in the first degree, and sexual abuse in the first degree. The appellant was acquitted of the rape charge. As to the sodomy charge, the jury found the appellant guilty of the lesser included offense of sexual abuse in the first degree. The jury also found the appellant guilty of sexual abuse in the first degree as charged in Count III of the indictment. The trial court sentenced the appellant to 10 years' imprisonment for each conviction of sexual abuse, those sentences to run concurrently.
The state's evidence tended to establish the following: One night in January 1994, the appellant sexually abused B.N., the then seven-year-old daughter of his common law wife, with whom he was residing. On that night, because it was too cold in her bedroom, B.N. slept in the bed with the appellant in her mother's and the appellant's bedroom, while B.N.'s mother slept on a sofa in another room. B.N. testified that during the night, the appellant removed her clothes and touched her "private parts" with his hand, his tongue, and his penis.
While most of the state's evidence pertained to the incident set forth above, there was also some evidence elicited at trial that the appellant had sexually abused B.N. on other occasions. Specifically, Wanda Sue Joy, the Baldwin County Department of Human Resources employee who interviewed B.N., testified on cross-examination that B.N. told her that the appellant had sexually abused her fives times: three times "before Christmas" and two times "after Christmas." (R. 253.) In addition, B.N. testified on direct examination that the appellant had sexually abused her on more than one occasion, but she stated that she could not remember the dates or how many other times she had been sexually abused. B.N. did not testify as to what specifically occurred during the other alleged incidents of sexual abuse.
 I.
The appellant contends that the trial court erred in denying his motion to require the state to elect which incident of sexual abuse it was seeking to prove under Count III[1] of the indictment.
As noted above, the appellant was charged in a three-count indictment with sodomy in the first degree, rape in the first degree, and sexual abuse in the first degree. Specifically, the indictment read:
 "The Grand Jury of said County charge that before finding this indictment on to-wit: James E. King, whose name is otherwise unknown to the Grand Jury other than as stated,
"COUNT I
 "did engage in deviate sexual intercourse with [B.N.], the said [B.N.] being less than twelve years of age, and the said James E. King being sixteen years of age or older, in violation of § 13A-6-63(a)(3) of the Code of Alabama, *Page 654 
"COUNT II
 "a male, being sixteen years or older, did engage in sexual intercourse with [B.N.], a female less than twelve years old, in violation of § 13A-6-61(a)(3) of the Code of Alabama,
"COUNT III
 "he, being sixteen years of age or older, did knowingly subject [B.N.], who at the time was less than twelve years of age, to sexual contact, in violation of § 13A-6-66(a)(3) of the Code of Alabama."
(C. 8.)
After the defense rested its case at trial, the following occurred:
 "MR. DAVIS [defense counsel]: First of all, we want to request that the state elect what times and what occurrence they are attempting to convict Mr. King on.
"THE COURT: Is that it, Spenser?
 "MR. DAVIS: The evidence came in during the trial that there were allegedly five occurrences of sexual abuse of some type between Mr. King and [B.N.].
 "It's our position and it was our understanding that the charges, before we came into the trial, that the charge of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree were all founded on one incident that may have supported all three of those charges. Through the evidence coming out at trial, . . . there were allegations of five times.
 "We now request that the state elect whether [it is] trying to convict Mr. King for sexual abuse in the first degree that occurred on the same occasion as this alleged rape in the first degree, or sodomy in the first degree.
 "And if not, if the state is electing to proceed on one of these other allegations of sexual abuse in the first degree and which one of those it is.
 "MR. MATHENY [prosecutor]: Your Honor, the jury heard testimony from a seven-year-old girl who doesn't keep a calendar with her or exact dates. She told the Court of specific allegations of rape, evidence of sodomy, and evidence of sexual abuse.
 "And if she cannot separate the four or five times that she says that Mr. King abused her and put a specific date on the sexual abuse where he made her touch his penis, where he put his mouth on her breast, where he touched her vagina with his hand, if she can't remember the exact date, I think the jury has the right to evaluate the testimony and make a determination whether or not sexual abuse in the first degree occurred.
 "MR. DAVIS: We're going to ask for a mistrial. At this point in time, the state is trying to get evidence that it did not seem at any time, at any point during the trial, that [it was] trying to proceed on. All during the trial, the evidence was on this one occasion, everything elicited from the mother, one night, he took my clothes off, he licked me, he touched me, he rubbed his penis on me.
 "All of the evidence, the state is now trying to tell us that [it is] going to be trying to show sexual abuse in the first degree on one of five unspecified occasions.
 "And that is totally, would have the effect, if that was allowed to go to the jury, that would have the effect of totally depriving Mr. King of his due process rights.
 "It's not a matter of a little girl not keeping a calendar and not remembering exact dates, it's a matter of the state having elicited enough and sufficient evidence to support a charge and also to allow the defendant to cross-examine the witnesses on those charges and try to rebut those charges.
 "The only allegations, the only concrete allegations referred to, to my understanding, [is] this one incident [on] the night that the mother had fallen asleep on the couch. To allow the state to now argue to the jury that [it] can convict him on any of these other occasions, that there was no concrete evidence put on — just some type of — to allow the state to present that argument to the jury would deny us our due process rights and our rights to a fair trial because no concrete evidence was put on *Page 655 as to any of those specific allegations on any of those specific dates.
 "We're not asking for specific dates, we know she doesn't keep a calendar. I have a hard enough [time] remembering what day things happen on. But there was no concrete, no evidence elicited other than, 'Yeah, it happened a few other times.' Not what happened on any of these other times but, 'Yeah, something happened on some other times.'
 "THE COURT: All right. The Court denies the motion for mistrial. And the Court denies the motion to require the state to elect. All right. Y'all got five minutes.
 "MR. DAVIS: Well, can we get the ruling on what the instruction on the lesser included would be.
 "THE COURT: I'm going to instruct them on lesser included, sex abuse as to the rape and lesser included as to sodomy and then, of course, they have a separate count of sex abuse.
 "MR. DAVIS: Judge, I would request an instruction to the jury that they cannot find the Defendant guilty of more than one count of sexual abuse in the first degree in that if they find that the Defendant did not commit sodomy and did not commit rape that the charge that is in the indictment of sexual abuse in the first degree would adequately cover it[.] [T]o allow [him] to be convicted of more than one count of sexual abuse in the first degree would in essence be allowing him to be convicted twice on the same set of facts.
 "THE COURT: Okay. And I will instruct them that their verdict, if they find him guilty of three different counts of sexual abuse would have to be based upon three separate transactions.
 "MR. DAVIS: Note my objection and exception to that, Judge, based on the same grounds as my motion to elect."
(R. 467-75.) (Emphasis added.)
The record reflects that the trial court charged the jury, in pertinent part, as follows:
 "Now, Ladies and Gentlemen, we are actually trying three separate cases in one. There are three separate counts in the indictment. Therefore, there are three separate cases. And I want you to keep in mind throughout the time that I am reading the charge to you and throughout the time that you are deliberating that there are three separate cases.
". . . .
 "Again, Ladies and Gentlemen, in order to channel your thinking, I would again suggest that you consider these three counts separately and distinctly. Don't confuse the three counts[.] [T]o find the Defendant guilty of more than one offense, you must find that the offenses were separate and distinct crimes which arose as a result of separate and distinct conduct."
(R. 477; 493.)
In addressing the doctrine of election, this Court has stated:
 "In Deason v. State, 363 So.2d 1001 (Ala. 1978), the Alabama Supreme Court condemned the state's practice of charging in a one-count indictment a single offense and then presenting evidence of different offenses that arose out of separate transactions. In addressing the issue of election, the Court wrote as follows:
 " 'In Watkins v. State, 36 Ala. App. 711, 63 So.2d 293 (1953), Judge Harwood summed up the requirement:
 " ' "The doctrine of election operates to protect a defendant from being prosecuted for more than one offense in the same count of an indictment. Where the evidence discloses two or more offenses growing out of distinct and separate transactions, a court should grant a timely motion to require the state to elect." (citations omitted)
" '. . . .
 " '. . . [The appellant's] timely motion to that effect should have been granted, and the failure to grant it was reversible error.'
"Deason, 363 So.2d at 1006.
 "This court has also addressed the issue of election in Reed v. State, 512 So.2d 804
(Ala.Cr.App. 1987). In reversing Reed's conviction, we held that: *Page 656 
 " 'The state was, in the case at bar, clearly attempting to submit several different incidents to the jury without specifying upon which incident a conviction was sought. The record reveals that the jury was never instructed as to exactly which act or incident was to be considered in their determination of guilt. There was no guidance or explanation given, whatsoever, to the jury regarding the purpose of the admission of these five incidents. Indeed, it is unclear upon which incident their conviction was based.'
 "Reed v. State, 512 So.2d at 809. (Emphasis in the original.)"
McMahan v. State, 607 So.2d 1288, 1289 (Ala.Crim.App. 1992). See also Sparrow v. State, 606 So.2d 219 (Ala.Crim.App. 1992).
In the present case, Count III of the indictment charged the appellant with only one incident of sexual abuse, yet it appears that the state was "attempting to submit several different incidents [of sexual abuse] to the jury without specifying upon which incident a conviction was sought."McMahan 607 So.2d at 1289. Moreover, although the trial court did charge the jury that the three counts of the indictment must be considered separately, the trial court did not instruct the jury as to which of the alleged incidents of sexual abuse "was to be considered in their determination of guilt" 607 So.2d at 1289, under Count III of the indictment. In fact, we are unable to ascertain from the record which of the alleged incidents of sexual abuse supports the appellant's conviction for sexual abuse under Count III of the indictment. Therefore, we hold that the trial court erred by not granting the appellant's motion to require the state to elect which incident of sexual abuse it was seeking to prosecute under Count III of the indictment. Accordingly, the appellant's conviction for sexual abuse in the first degree under Count III of the indictment is hereby reversed and the cause remanded.[2]
 II.
The appellant contends that the trial court erred in refusing to disclose to him the contents of the report by employees of the Department of Human Resources ("DHR") concerning their investigation of the allegations of sexual abuse.
The record reflects that before trial, the appellant filed a motion seeking disclosure of statements made by the victim to the DHR employees during the course of DHR's investigation of the case. In the alternative, the appellant requested that the trial court conduct an in camera inspection of the DHR report in order to ascertain whether the report contained any exculpatory information.
Before opening arguments, the appellant requested a ruling on the above-mentioned discovery motion, asserting that the court's ruling could affect his opening arguments. The trial court conducted an in camera review of the DHR report and concluded that the report contained no inherent inconsistencies; however, the trial court noted that it would continue to review the record throughout the trial to determine if there were any inconsistencies between the testimony elicited at trial and the information contained in the report.
The record reflects that several times throughout the trial, the appellant renewed his motion for production of the DHR report. Each time, the trial court denied the motion. One such exchange occurred during defense counsel's cross-examination of Wanda Sue Joy, the DHR employee who interviewed the victim. During defense counsel's cross-examination, Joy testified that during her interview with the victim, the victim denied that the appellant had placed his "thing" inside her. (R. 253.) Testimony elicited from Joy established that this statement by the victim was contained in the DHR report. The appellant renewed his motion for production of the DHR report, asserting that the report *Page 657 
contained exculpatory information, specifically, "a statement by the child that denies the existence of the necessary elements of one of the offenses." (R. 254.) The trial court again denied the request.
On appeal, the appellant alleges that the trial court erred by refusing to disclose the contents of the DHR report. In essence, the appellant argues that the trial court's ruling that he was not entitled to examine the report is necessarily suspect because, he maintains, testimony elicited at trial established that the report contained at least one exculpatory statement by the victim.
In Coats v. State, 615 So.2d 1260, 1261
(Ala.Crim.App. 1992), this Court stated:
 "[U]nder our holdings in Russell v. State, 533 So.2d 725, 726-28 (Ala.Crim.App. 1988), Cure v. State, 600 So.2d 415 (Ala.Cr.App.) (and cases cited therein at 418), cert. denied, 600 So.2d 421
(Ala. 1992), and Jordan v. State, 607 So.2d 333
(Ala.Cr.App. 1992), which adopted the principles set forth in Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct 989, 94 L.Ed.2d 40 (1987), an appellant is entitled, upon request, to have the trial court conduct an in camera review of the victim's complete file maintained by DHR in order to determine whether the file contains any exculpatory information. See also, Thornton v. State, 527 So.2d 143, 144-45 (Ala.Cr.App. 1987), cert. quashed, 527 So.2d 146 (Ala. 1988)."
In this case, the trial court conducted an in camera review of the DHR report and found that the DHR report contained no exculpatory information. After reviewing the DHR report, which was ordered sealed and made part of the record by the trial court, we find that it contains no material inconsistent statements by the victim, and that it contains no exculpatory information other than the statement by the victim that the appellant did not place his "thing" inside her.
Contrary to the appellant's assertion, the fact that that statement by the victim was not revealed to the appellant before trial does not warrant reversal. After examining the entire record, we find that there is no " 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Arnold v. State, 601 So.2d 145, 151
(Ala.Crim.App. 1992) quoting, United States v. Bagley, 473 U.S. 667, 682,105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). The victim testified at trial that the appellant did not place his "thing" inside of her (R. 279), and that statement by the victim was not inconsistent with other testimony elicited at trial. Moreover, the appellant was acquitted of the rape charge.
Accordingly, for the reasons set forth above, the appellant's conviction for sexual abuse under Count III of the indictment is reversed and the cause remanded. The appellant's conviction for sexual abuse under Count I of the indictment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All Judges concur.
[1] The appellant does not specifically argue on appeal that the state should have been required to elect between alleged incidents of sexual abuse under Count III of the indictment; however, this is the inference to be drawn from the appellant's argument at trial.
[2] If the lesser-included offense of sexual abuse in the first degree arising out of the sodomy charge and the offense of sexual abuse in the first degree charged in Count III of the indictment did arise out of the same incident, then the appellant's right to be free from being placed in jeopardy twice would have been violated; however, from the record, it is unclear whether those charges arose out of the same transaction. Because we can arrive at the same result by deciding the election issue, we forgo a discussion of the double jeopardy issue.