707 So.2d 657 (1997)
Ex parte James E. KING.
(Re James E. King v. State).
Ex parte State of Alabama.
(Re James E. KING v. STATE).
1951664, 1951700.
Supreme Court of Alabama.
March 21, 1997.
Opinion by Concurring Opinion Specially on Overruling of Rehearing June 20, 1997.
*658 Spencer E. Davis, Jr., of Murchison & Sutley, L.L.C., Foley, for petitioner/cross-respondent James E. King.
Bill Pryor, atty. gen., and Robert D. Tambling, asst. atty. gen., for respondent/cross-petitioner State of Alabama.
John David Whetstone and John M. Tyson, Jr., district attys.; and Thomas W. Sorrells, executive director, Office of Prosecution Services, amici curiae in support of the State's application for rehearing.
Opinion by Justice Houston Concurring Specially on Overruling of Rehearing June 20, 1997.
PER CURIAM.
James E. King was charged in a three-count indictment related to allegations of sexual misconduct involving his minor stepdaughter. Our review involves Counts I and III.[1]
At trial, the state sought to prove that King had sexually molested his stepdaughter on several occasions. On Count I of the indictment, charging sodomy in the first degree, he was found guilty of sexual abuse in the first degree, a lesser included offense; on Count III, charging sexual abuse in the first degree, he was found guilty as charged.
We granted two petitions for certiorari review in this case to review the judgment of the Court of Criminal Appeals. That Court reversed King's conviction for sexual abuse in the first degree under Count III of the indictment, holding that the trial court erred in denying King's motion to require the state to elect which incident of sexual abuse it was seeking to prove under Count III of the indictment; it affirmed King's conviction for sexual abuse under Count I of the indictment, but without discussion of that count in relation to the election issue.[2] See King v. State, 707 So.2d 652 (Ala.Crim.App.1996). We granted King's certiorari petition to review the affirmance of his sexual abuse conviction on Count I (1951664), and we granted the state's certiorari petition to review the reversal of King's sexual abuse conviction on Count III (1951700).
The parties argue, broadly, whether an election as to either of the counts was proper. As to Count III, the State does not dispute that unless this Court overrules settled caselaw, see Deason v. State, 363 So.2d 1001 (Ala.1978), the Court of Criminal Appeals *659 correctly held that the trial court should have directed the state to make an election.
In Deason, this Court discussed the long-standing doctrine of election, and quoted from Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953):
"`The doctrine of election operates to protect a defendant from being prosecuted for more than one offense in the same count of an indictment. Where the evidence discloses two or more offenses growing out of distinct and separate transactions, a court should grant a timely motion to require the State to elect.'"
Deason, 363 So.2d at 1006.
In the trial court, the state suggested that, given the possibility of lapses in the prosecuting witness's memory, the court should not order an election. Similarly, the state argues here that minor victims may be unable to recall specific incidents because of systematic abuse. However, the state does not argue that the prosecuting witness in this case could not in fact, recall and separate specific incidents.
Given the arguments of the state, and with due regard to the doctrine of stare decisis, we are not persuaded that we should depart from long-settled law. Accordingly, we affirm the judgment of the Court of Criminal Appeals as to Count III of the indictment.
As to Count I of the indictment, we hold that Deason would likewise apply to compel an election.
In this regard, the state says that one of the sexual abuse convictions can properly stand, because given that most of the evidence related to a single incident, there could be no doubt that the jury convicted King on one count on the basis of that incident. Accordingly, the state says, any error in failing to order an election related to the conviction under Count I, left intact by the Court of Criminal Appeals, was harmless error.
However, it is pure speculation to suggest that that single incident was the basis of the jury's conviction on one count of sexual abuse. There was evidence at trial of five incidents of sexual abuse. Indeed, the state itself contends that "other incidents of sexual abuse were proven by the prosecutor in this case." There is simply no way to know which incident or incidents of abuse underpinned the jury's verdict.
As to Count I, the judgment of the Court of Criminal Appeals is reversed; as to Count III, that court's judgment is affirmed. The cause is remanded with instructions to order a new trial as to Counts I and III.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
BUTTS, J., concurs in part and dissents in part.
HOOPER, C.J., and MADDOX and SEE, JJ., dissent.
BUTTS, Justice (concurring in part and dissenting in part).
I concur with the majority opinion insofar as it affirms the reversal of James E. King's conviction for sexual abuse in the first degree under Count III of the indictment. However, I dissent from the reversal of the affirmance of King's conviction for sexual abuse under Count I of the indictment. I cannot agree that the trial court erred in failing to require the State to order an election of what incident of sexual abuse it was seeking to prove under Count I. I find it clear what incident of sexual abuse by King against his stepdaughter the State sought to prove under Count I of the indictmentthe incident alleged to have occurred one weekend night in January 1994 when the child slept with King in her mother's bed while her mother slept on a couch in an adjoining room. I would affirm King's conviction of sexual abuse in the first degree under Count I of the indictment.
MADDOX, Justice (dissenting).
I agree with the statement of the rationale behind our rule concerning prosecutorial elections as that rationale is stated in In re Deason v. State, 363 So.2d 1001, 1005 (Ala. 1978), but I must respectfully dissent with today's holding because I believe that we *660 should expand this rule, especially in child sexual abuse cases.
Deason involved the sexual abuse by a stepfather of his nine-year-old stepdaughter. The stepdaughter testified to one particular instance of abuse and also to other instances, but without any particularity. Defense counsel objected, arguing that the prosecution must make an election as to which incident it was prosecuting the defendant upon. The trial court overruled the objection and proceeded, allowing the prosecution to present to the jury the testimony regarding the other instances. The Court of Criminal Appeals affirmed. Deason v. State, 363 So.2d 998 (Ala.Crim.App.1978). This Court reversed and remanded.
Justice Beatty explained the purpose behind Alabama's rule regarding election: "When there is but one count charging a single offense, the law presumes, the defendant comes to trial prepared to meet the single charge, and the prosecution will not be permitted, after once having elected, to introduce evidence of another and different offense." 363 So.2d at 1005. Likewise, Justice Beatty wrote: "In Watkins v. State, 36 Ala. App. 711, 63 So.2d 293 (1953), Judge Harwood summed up the requirement: `The doctrine of election operates to protect a defendant from being prosecuted for more than one offense in the same count of an indictment. Where the evidence discloses two or more offenses growing out of distinct and separate transactions, a court should grant a timely motion to require the State to elect.'" 363 So.2d at 1006. See also Sparrow v. State, 606 So.2d 219 (Ala.Crim.App.1992); Cure v. State, 600 So.2d 415 (Ala.Crim.App. 1992); McMahan v. State, 607 So.2d 1288 (Ala.Crim.App.1992); J.D.S. v. State, 587 So.2d 1249 (Ala.Crim.App.1991); Reed v. State, 512 So.2d 804 (Ala.Crim.App.1987); Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953). I also recognize that this rule is used by other states. State v. Solano, 187 Ariz. 512, 930 P.2d 1315 (Ariz.App.1996); Tidwell v. State, 922 S.W.2d 497 (Tenn.1996).
James King was charged in a three-count indictment with sodomy in the first degree (Count I); rape in the first degree (Count II); and sexual abuse in the first degree (Count III). King was acquitted of the rape charge. However, on the sodomy charge the jury found him guilty of the lesser included offense of sexual abuse in the first degree. He was also found guilty of sexual abuse in the first degree on the third count of the indictment.
The evidence established one distinct instance in January 1994 in which King abused the seven-year-old daughter of his common law wife while the child was sleeping with King in her mother's bed. However, evidence was also presented that King had sexually abused this stepdaughter five times"three times `before Christmas' and two times `after Christmas.'" King v. State, 707 So.2d 652, 653 (Ala.Crim.App.1996). The ultimate question in this case centers around whether the prosecution should have to elect as to which incident the jury should consider in deciding the question of King's guilt. The trial court ruled that the prosecution was not required to make an election and the Court of Criminal Appeals reversed, relying on Deason, supra.
The State suggests in its brief that other states have extended this rule to better address the problems involved in child molestation cases. Based upon my research on this subject, I am of the opinion that this Court must approach child molestation cases more carefully, in order to strike a proper balance between the defendant's rights, as outlined in Deason, supra, and the victim's age and inability to recount every detail of each incident of abuse.
The problem associated with the question presented has been best described by the Washington Court of Appeals in State v. Brown, 55 Wash.App. 738, 746-47, 780 P.2d 880, 885 (1989), review denied, State v. Brown, 114 Wash.2d 1014, 791 P.2d 897 (1990):
"In more recent times, our courts have had occasion to reconsider whether the election rule strikes a proper balance between the defendant's rights and the problems presented in the prosecution of cases involving sexual molestation of children. It is in the context of such cases that the issues associated with evidence of multiple offenses and jury unanimity usually arise. State v. *661 Petrich, 101 Wash.2d [566] at 572, 683 P.2d 173 [(1984)]. Particularly when the accused resides with the victim or has virtually unchecked access to the child, and the abuse has occurred on a regular basis and in a consistent manner over a prolonged period of time, the child may have no meaningful reference point of time or detail by which to distinguish one specific act from another. The more frequent and repetitive the abuse, the more likely it becomes that the victim will be unable to recall specific dates and places. Moreover, because the molestation usually occurs outside the presence of witnesses, and often leaves no permanent physical evidence, the state's case rests on the testimony of a victim whose memory may be clouded by a blur of abuse and a desire to forget. See People v. Luna, 250 Cal.Rptr. 878, 884, 204 Cal.App.3d 726 (1988), quoting People v. Martinez, 243 Cal.Rptr. 66, 73, 197 Cal. App.3d 767 (1988) (Hamlin, J., dissenting).
"....
"... Implicit in the Petrich court's conclusion that either an election or a unanimity instruction will protect the defendant's right to a unanimous verdict is an assumption that there is some evidence presented permitting either the prosecutor or jury to make a meaningful election between the numerous acts to which the victim testifies."
Numerous states that have addressed this issue have moved from a strict approach requiring an absolute election to a dual approach, as mentioned by the Washington Court of Appeals, supra. The Hawaii Supreme Court has written:
"[T]he defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the `conduct' element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, i.e., an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt."
State v. Arceo, 84 Haw. 1, 928 P.2d 843, 874-75 (1996) (footnote omitted). See also, People v. Aldrich, 849 P.2d 821 (Colo.Ct.App. 1992); and People v. Jones, 51 Cal.3d 294, 270 Cal.Rptr. 611, 792 P.2d 643 (1990).
Additionally, the Court of Criminal Appeals of Oklahoma has carved out this exception to the election rule: "[W]hen a child of tender years is under the exclusive domination of one parent for a definite period of time and submits to sexual acts at that parent's demand, the separate acts of abuse become one transaction,"[3] and "[s]ome situations which fall within the exception are when a continuous application of force is used and no reasonable doubt exists as to the occurrence of each act." Scott v. State, 668 P.2d 339 (Okla.Crim.App.1983), citing McManus v. State, 50 Okl.Cr. 354, 297 P. 830 (1931).
I believe that child molestation, especially by one who is acting as a parent, is probably the most horrible crime besides murder committed against young children, because of their age, because they are in a developmental stage, and because they rely on adults; therefore, I believe this Court should reevaluate the election rule and strike a better balance between the victim's rights and the rights of the accused.
Based on the foregoing, I must respectfully dissent.
HOOPER, C.J., and SEE, J., concur.

On Applications for Rehearing
PER CURIAM.
APPLICATIONS OVERRULED. NO OPINION.
ALMON, SHORES, KENNEDY, and COOK, JJ., concur.
HOUSTON, J., concurs specially, with opinion.
HOOPER, C.J., and MADDOX, BUTTS, and SEE, JJ., dissent.
*662 HOUSTON, Justice (concurring specially on application for rehearing).
I cannot in this case depart from the long-settled law; to do so, in my opinion, would deprive the defendant of due process of law. However, I do not believe the ratio decidendi of the election rule set out in Deason v. State, 363 So.2d 1001 (Ala.1978), and Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953), "would hypothetically be consented to today by the conscience and the feeling of justice of the majority of all those whose obedience is required by the rule of law on which the ratio decidendi of [those] prior decision[s] was logically based," Laun, Stare Decisis, 25 Va.L.Rev. 12, 22 (1938), in child molestation cases in which a child is under the domination of a parent or a person standing in loco parentis for a definite period of time and submits to sexual acts at that parent or person's demand. I believe the separate acts of abuse become one transaction and that when they are charged in the indictment as one transaction, no election should be required.
In cases such as this, the Court is required to resolve the tension between the rights of an alleged victim and the rights of an alleged child molester. Art. I, § 35, of the Constitution of Alabama of 1901, provides: "[T]he sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property." Clearly, the legislative policy,[1] based upon Judeo-Christian teachings,[2] is to protect the vulnerable child's right to a life free from sexual exploitation. It can do so and also afford an alleged child molester with all the process he or she is due, without requiring the election judicially mandated by Deason and Watkins. I would, therefore, prospectively overrule Deason and Watkins in cases in which the child is under the domination of a parent or a person standing in loco parentis for a definite period of time and allegedly submits to sexual acts at that parent or person's demand.
NOTES
[1] Count II alleged rape in the first degree. King was acquitted on this charge.
[2] The Court of Criminal Appeals suggested, in footnote one of its opinion, that it did not address the election issue as to Count I because King had not raised the issue. However, we note that it appears from our reading of King's brief to the Court of Criminal Appeals and our review of the trial court record, that the election argument was raised in the trial court and on appeal as to Count I. See, e.g., the appellant's brief to the Court of Criminal Appeals, at 18 (stating that "if the defendant's convictions were based on more than one transaction, then .... [t]his denial violated the doctrine of election" (emphasis added)); R.T. 473 (renewing a previous objection to the trial court's refusal to compel an election as to Count III, but this time as to Count I).
[3] Huddleston v. State, 695 P.2d 8, 10-11 (Okla. Crim.App.1985). See also Jones v. State, 781 P.2d 326 (Okla.Crim.App.1989); and Drake v. State, 761 P.2d 879 (Okla.Crim.App.1988).
[1] Alabama Code 1975, §§ 13A-6-61(a)(3), 13A-6-62(a)(1), 13A-6-63(a)(3), 13A-6-64(a)(1), 13A-6-65.1(a)(3), 13A-6-66(a)(3), 13A-6-67(a)(2), and 13A-6-69.
[2] Luke 17:2: "It were better for him that a millstone were hanged about his neck, and he cast into the sea, than that he should offend one of these little ones." (The Holy Bible, King James Version, located in the courtroom of the Supreme Court of Alabama since 1972, p. 1046.)