COBB, Judge,
concurring specially.
I must preface this special concurrence by commending the author of the majority opinion for a thoughtful, thorough, and extensive analysis of an area of the law that has cried out for revision. The ever burgeoning caseload of all appellate courts hinders us from the kind of careful and detailed analysis required for the orderly development of legal principles. In our attempt to “keep up” we often hastily find authority for a position rather, than engage in the extensive analysis evident in the majority opinion.
Judge Patterson, with the assistance of a strong and well-reasoned dissent of Justice Maddox in Ex parte King, 707 So.2d 657 (Ala.1997), has presented this court with an opportunity to rectify the law in an area in which the ends of justice are thwarted. The doctrine of election in child abuse cases should be abandoned or greatly modified as it applies to evidence of a continuing pattern of sexual abuse of young children because it leaves unprotected innocent children, whose rights the judicial system is charged with protecting.
As a trial judge and judge of the juvenile court for over 14 years, I know that the type of case presented here is not ‘uncommon. Child sexual molestation cases remain the most unreported of all criminal offenses. When reports of ongoing abuse are made, the failure of the appellate courts to reject the strict application of the election doctrine to sexual abuse cases involving young children results in countless instances of incest or abuse going untried and hence unpunished. When a responsible prosecutor is faced with this evidentiary hurdle, combined with the natural predisposition to hésitate to put a child through the trauma of the witness stand, the decision to refrain from prosecution seems to be the only responsible option. Hence, these insidious crimes against our children remain unwitnessed, invisible, and unheard. The result is child molesters who go unpunished and young children who remain unprotected. Such a result is unacceptable.
*372 It has often been stated that a civilized society -will be judged by the manner in which it protects its young, its elderly, and its disadvantaged citizens. Our court and the Alabama Supreme Court has an opportunity to. remedy a problem that negatively impacts our youngest citizens. This is a problem that cries out to be remedied. I believe the majority opinion offers a solution. Consequently, I feel compelled to write this special concurrence.