BROWN, Judge,
concurring specially.
Although I recognize that the mandate of the Alabama Supreme Court in Ex parte King, 707 So.2d 657 (Ala.1997), requires that this case be reversed, it is my opinion that this case is yet another example of the poor service that our justice system is presently providing for the child victims of resident molesters. It is obvious that over the past several decades, a greater awareness of sexual child abuse has emerged and the reporting of abuse by resident molesters has increased. However, our legal system has not evolved proportionally with this increased awareness and concern for the silent and invisible victims of sexual child abuse by a family member. We have a venerable responsibility to more fairly balance the rights of these children with the rights of the defendant. It is my opinion that the courts have had sufficient experience with the myriad of problems that have arisen with the increase in the prosecutions of this narrow class of offenses to effectively revisit the issue of strict election.
Sexual child abuse is not an isolated problem. For example, it more often than not leads to substance abuse and other family violence. In my fervent desire that the courts do not contribute to the perpetuation of the trauma experienced by these victims, I urge our Supreme Court to reexamine its strict election rule as it is currently being applied to the prosecution of resident molesters.