63 So.2d 293

**WATKINS v. STATE.**

8 Div. 245.

Court of Appeals of Alabama.

Feb. 17, 1953.

H. T. Foster, Scottsboro, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., Robt. P. Bradley, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant was found guilty in the Jackson County Court on an affidavit charging him with reckless driving within twelve months before the making of the affidavit, the offense being charged in the words of the statute. Section 3, Title 36, Code of Alabama 1940.

In the trial below Fred Ellis testified that he observed appellant drive past Woos-ley's store at a speed of 50 to 55 miles per hour. This store is located very near the public road and several cars were parked near the highway at the time. This was on April 22, 1952, "or a day or two before."

Mrs. C. C. Maronia testified that on April 19, 1952 the appellant passed her house about eleven o'clock A. M., at a speed of around 75 miles per hour, and returned shortly at about the same speed.

On redirect examination Mrs. Maronia testified that again about 4 P. M. on the same day the appellant overtook a car in which she was riding and passed without blowing his horn. The road on which this occurred was a dirt road, and appellant "almost had to hit a ditch to pass."

As soon as Mrs. Maronia gave her testimony as to this second instance counsel for appellant objected to it and moved to exclude it. The objection and the motion were overruled.

After the State had rested counsel for appellant moved that the State be compelled to elect for which offense it was prosecuting. The court denied this motion.

In this ruling the court erred. Mrs. Maronia's testimony disclosed two possible separate and distinct offenses, one occurring at 11 A. M., and the other at 4 P. M. The doctrine of election operates to protect a defendant from being prosecuted for more than one offense in the same count of an indictment. Where the evidence discloses two or more offenses growing out of distinct and separate transactions, a court should grant a timely motion to require the State to elect. Williams v. State, 77 Ala. 53; Nuckols v. State, 109 Ala. 2, 19 So. 504; Barefield v. State, 14 Ala.App. 638, 72 So. 293; Herring v. State, 16 Ala. App. 98, 75 So. 646; Joyner v. State, 16 Ala.App. 240, 77 So. 78.

Reversed and remanded.