712 So.2d 372 (1998)
Ex parte R. L. G., JR.
(In re R. L. G., JR. v. State of Alabama).
1961914.
Supreme Court of Alabama.
February 6, 1998.
Rehearing Denied March 20, 1998.
Clyde D. Baker, Guntersville, for petitioner.
Bill Pryor, atty. gen., and Thomas F. Parker IV, asst. atty. gen., for respondent.
HOUSTON, Justice.
R. L. G., Jr., was convicted of sexual abuse in the first degree of his sister, C. G.; and sodomy in the first degree and sexual abuse in the first degree of his daughter, A. G. For his sexual abuse convictions he was given two three-year sentences, which were split, and he was ordered to serve one year on each sentence, consecutively. For the sodomy conviction, he was sentenced to 15 years' imprisonment and was ordered to serve three years; the three years were to be served consecutively to the one-year incarceration portions of the sentences for sexual abuse. The balances of the three sentences were suspended, and he is to be placed on five years' probation after serving those incarceration portions of the three sentences.
On appeal to the Court of Criminal Appeals, the only issues R. L. G., Jr., presented were whether the trial court erred in failing to require the prosecution to elect which incidents it was relying on to prove the offenses charged and whether it erred in failing to give the jury guidance as to which incidents were the subject of the indictments. The Court of Criminal Appeals, in a well reasoned opinion authored by Retired Appellate Judge John Patterson, affirmed. See R.L.G., Jr. v. State, 712 So.2d 348 (Ala.Crim. App.1997). The Court of Criminal Appeals held, among other things, that the general election rule, see Deason v. State, 363 So.2d 1001 (Ala.1978); Ex parte King, 707 So.2d 657 (Ala.1997); Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953), does not apply in child molestation cases involving purely generic evidence. The primary holding of the opinion was set out as follows:
"After weighing the considerations discussed above, we adopt for purposes of this case, the `either/or' rule, but only as that rule is modified for generic evidence: where the evidence of more than one incident *373 of sexual molestation to a child victim by a resident child molester is purely generic and where `there is no reasonable likelihood of juror disagreement as to particular acts, and the only question [for the jury] is whether or not the defendant in fact committed all of [the incidents],' the trial court should instruct the jury that it can find the defendant guilty only if it unanimously agrees that he committed all the incidents described by the victim. [People v.] Jones, 51 Cal.3d at 322, 270 Cal.Rptr. at 627-28, 792 P.2d at 659."
712 So.2d at 367. (Emphasis in original.) Because of the first-impression nature of this decision, we granted the defendant's request for certiorari review.
After carefully examining the opinion of the Court of Criminal Appeals, we conclude that the judgment of that court is due to be affirmed. In cases such as this one, trial and appellate courts are required to resolve the tension between the rights of an alleged victim and the rights of an alleged child molester. Art. I, § 35, of the Constitution of Alabama of 1901, provides: "[T]he sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property...." There can be no doubt, as the Court of Criminal Appeals noted, that the legislative policy of this state is to protect the vulnerable child's right to a life free from sexual exploitation. We agree with the Court of Criminal Appeals that this can be done in cases involving purely generic evidence and that an alleged child molester can be afforded all the process he or she is due, without requiring the election judicially mandated by Deason, King, and Watkins, supra.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, COOK, BUTTS, and SEE, JJ., concur.