718 So.2d 117 (1998)
Ex parte State of Alabama.
(Re R.A.S.
v.
State).
1961990.
Supreme Court of Alabama.
May 29, 1998.
*118 Bill Pryor, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for petitioner.
Michael A. Dasinger III of Hoiles & Dasinger, P.C., Robertsdale, for respondent.
MADDOX, Justice.
This case involves a prosecution of an alleged resident child molester in which there was evidence of multiple acts of alleged molestation that had occurred over an extended period of time, and it involves legal questions similar to those presented in R.L.G., Jr. v. State, 712 So.2d 348 (Ala.Cr.App.1997), affirmed, Ex parte R.L.G., Jr., 712 So.2d 372 (Ala.1998).
Traditionally, Alabama follows a strict election rule, by which the State must elect the offense on which it will proceed when the evidence discloses two or more offenses growing out of distinct and separate transactions. In R.L.G. v. State, the Court of Criminal Appeals expanded the strict election rule in sexual abuse cases involving a resident abuser of small children where only generic evidence was presented, stating:
"[W]e adopt, for purposes of this case, the `either/or' rule, but only as that rule is modified for generic evidence: where the evidence of more than one incident of sexual molestation to a child victim by a resident child molester is purely generic and where `there is no reasonable likelihood of juror disagreement as to particular acts, and the only question [for the jury] is whether or not the defendant in fact committed all of [the incidents],' the trial court should instruct the jury that it can find the defendant guilty only if it unanimously agrees that he committed all the incidents described by the victim."
*119 712 So.2d at 367 (emphasis omitted). The "either-or" rule provides that the prosecution must elect which single act it is relying for a conviction or else the trial judge must give a specific unanimity instruction.
This Court granted certiorari review in R.L.G. and affirmed the Court of Criminal Appeals' expansion of the strict election rule, stating:
"After carefully examining the opinion of the Court of Criminal Appeals, we conclude that the judgment of that court is due to be affirmed. In cases such as this one, trial and appellate courts are required to resolve the tension between the rights of an alleged victim and the rights of an alleged child molester. Art. I, § 35, of the Constitution of Alabama of 1901, provides: `[T]he sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property....' There can be no doubt, as the Court of Criminal Appeals noted, that the legislative policy of this state is to protect the vulnerable child's right to a life free from sexual exploitation. We agree with the Court of Criminal Appeals that this can be done in cases involving purely generic evidence and that an alleged child molester can be afforded all the process he or she is due, without requiring the election judicially mandated by [Deason v. State, 363 So.2d 1001 (Ala.1978), Ex parte King, 707 So.2d 657 (Ala.1997), and Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953)]."
Ex parte R.L.G., 712 So.2d at 373.
In this case, the specific question presented is whether, in child molestation cases involving an alleged resident abuser and where there is both generic and specific evidence of sexual abuse, this Court should further modify or expand the exception to Alabama's long-standing rule requiring the State to make an election.
R.A.S. was convicted of first degree sexual abuse of his stepdaughter A.M., § 13A-6-66(a)(3), Ala.Code 1975; first degree sodomy of A.M., § 13A-6-63(a)(3); second degree rape of A.M., § 13A-6-62(a)(1); first degree sexual abuse of his stepdaughter C.M., § 13A-6-66(a)(3); and first degree sodomy of C.M., § 13A-6-63(a)(3).
The Court of Criminal Appeals reversed the defendant's conviction, R.A.S. v. State, 718 So.2d 108 (Ala.Cr.App.1997), basing its reversal on this Court's holding in Ex parte King, 707 So.2d 657 (Ala.1997), in which a majority of this Court declined to overrule or to make an exception to the long-standing doctrine of election as it was enunciated in Deason v. State, 363 So.2d 1001 (Ala.1978), and Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953).
Even though the Court of Criminal Appeals reversed the defendant's conviction, it specifically urged this Court to consider extending the expansion of the strict election rule to apply to cases based upon generic and specific evidence, such as this one. The court wrote:
"In our opinion in R.L.G. v. State, 712 So.2d 348 (Ala.Cr.App.1997), released today, in recognition of the unique problems posed by the prosecution of alleged resident child molesters, we adopted a less strict election rule to be applied to `generic evidence' cases. This expanded rule cannot be applied here because the prosecution's evidence was not purely generic. However, we do find it appropriate ... to urge the Alabama Supreme Court, as we did in R.L.G., to consider extending our expansion of the strict election rule to apply to cases based upon generic and specific evidence, such as this one. In our opinion, such expansion would achieve a fairer balance of the realities of the nature of the evidence of sex offenses repeatedly committed against the same child by a resident abuser and the rights of the defendant, the nature of which [evidence] is peculiar to the narrow class of sex offenses allegedly committed by a resident molester."
718 So.2d at 116. We granted the State's petition for the writ of certiorari primarily to consider, as requested by the Court of Criminal Appeals, reexamining the holding in Ex parte King and to consider extending the expansion of the strict election rule to apply to cases based upon generic and specific evidence.
*120 After reexamining the holding in Ex parte King and the holding in Ex parte R.L.G., we agree with the State that the strict election rule should be expanded in cases that, like this one, involve a resident child molester and in which there is both generic evidence and specific evidence indicating that multiple acts of molestation have occurred over an extended period.
In R.L.G. v. State, supra, in which the Court of Criminal Appeals adopted an expanded election rule in cases involving only generic evidence, the court discussed many of the same legal issues that are presented in this case, such as (1) a defendant's due process right to fair notice of the charges against him and to a reasonable opportunity to defend against those charges; (2) a defendant's entitlement to a verdict in which all 12 jurors concur, beyond a reasonable doubt, as to each offense charged; and (3) the right of a defendant to have his or her conviction sustained only if it is supported by substantial evidence. The Court of Criminal Appeals and this Court reviewed each of these issues in the R.L.G. cases, and we have reviewed them again in this case.
In R.L.G. v. State, the Court of Criminal Appeals discussed at length the defendant's right to procedural due process, stating:
"In regard to a defendant's due process rights to fair notice of the charges against him and to a reasonable opportunity to present a defense to those charges, we note that in Alabama, clearly, the defendant has no right to notice of the specific time or place of the alleged offense, so long as it occurred within the applicable limitations period. `It is not necessary to state the precise time or date at which or on which the offense is alleged to have been committed, or the place where the offense is alleged to have been committed unless the time or place is a material element of the offense.' Rule 13.2(d) [, Ala.R.Crim.P.]. See also [Ala.Code 1975,] §§ 15-8-30 and -31 (making it unnecessary to allege in the indictment the precise time when, and the place where, the offense was committed, respectively). See, e.g., Cure v. State, 600 So.2d 415, 420 (Ala.Cr.App.), cert. denied, 600 So.2d 421 (Ala.1992) (indictments for rape and sodomy were not required to allege the times and places of the assaults; time is not a material ingredient of those offenses); Dilbeck v. State, 594 So.2d 168, 174 (Ala.Cr.App.1991) (indictment charging that the appellants committed first degree sodomy and first degree sexual abuse of young day-care victims, which set forth a time frame of approximately 10 years during which the charged incidents could have occurred, was not vague, ambiguous, and overbroad and thus did not hinder the preparation of a defense); Ruffin v. State, 582 So.2d 1159 (Ala.Cr.App.1991) (indictments charging second degree rape were not insufficient for failing to allege time and location); Hambley v. State, 565 So.2d 692, 693 (Ala.Cr.App.1990) (time is not a material ingredient of the offense of sexual abuse in the first degree and thus the indictment did not need to allege the time of the alleged offenses). `"[U]nder our system of pleading, indictments are rather a statement of legal conclusions, than of facts."` Copeland v. State, 456 So.2d 1150, 1151 (Ala.Cr.App.1984) (quoting Boyd v. State, 3 Ala.App. 178, 181, 57 So. 1019, 1019 (1912)). `"An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense.'" Copeland, 456 So.2d at 1151 (quoting Ex parte Allred, 393 So.2d 1030, 1032 (Ala.1980); an indictment charging first-degree rape in the language of the statute is sufficient to apprise the defendant of the charge against him). `"[T]he prosecution clearly has no duty to provide more explicit notice than human nature and science permit."` [People v. Jones], 51 Cal.3d [294] at 317, 270 Cal.Rptr. 611 at 624, 792 P.2d [643] at 656 [(1990)] (quoting Judge Sims's special writing in People v. Gordon, 165 Cal.App.3d 839, 870-71, 212 Cal.Rptr. 174, 194 (1985)). See also [People v. Keindl ], 68 N.Y.2d [410] at 419-20, 502 N.E.2d [577] at 581, 509 N.Y.S.2d 790] at 794 [(1996)] (in a jurisdiction in which an allegation as to time in the indictment is statutorily required, the court considers the following factors in determining whether the defendant has been provided sufficient specificity of time to adequately prepare *121 a defense: the span of time set forth; the knowledge that the prosecution has or should have of the exact date of the crime; the age and intelligence of the victim and other witnesses; the surrounding circumstances; and the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately).
"Moreover, in specific regard to a prosecution resting on generic testimony, `recent expansion of criminal defendants' due process rights and procedural protections casts doubt on the continued validity of [cases following a strict election rule], at least as applied to generic testimony by molested children.'"
712 So.2d at 362-63.
The Court of Criminal Appeals correctly noted that any critical details that are available to the State could be gathered by the defendant through a preliminary hearing, a motion for a more definite statement, as authorized by Rule 13.2(e), Ala.R.Crim.P., or other pretrial discovery procedures. The court stated:
"The fact that the child victim of a resident molester cannot recall or relate specific dates, locations, or other details of the alleged offenses does not inevitably preclude a defense. Jones, 51 Cal.3d at 319, 270 Cal.Rptr. at 625, 792 P.2d at 657. In so holding, the Jones court explained:
"`[A]s explained in several decisions, only infrequently can an alibi or identity defense be raised in resident child molester cases. Usually, the trial centers on a basic credibility issuethe victim testifies to a long series of molestations and the defendant denies that any wrongful touchings occurred. (E.g., People v. Moreno, 211 Cal.App.3d [776,] 787-788, 259 Cal.Rptr. 800 [(1989)]; People v. Obremski, 207 Cal.App.3d [1346,] 1353, 255 Cal.Rptr. 715 [(1989)]; People v. Dunnahoo, 152 Cal.App.3d [561,] 572, 199 Cal.Rptr. 796 [(1984)].) As indicated in Dunnahoo, if the defendant has lived with the victim for an extensive uninterrupted period and therefore had continuous access to the victim, neither alibi nor wrongful identification is likely to be an available defense.
"`Even when an alibi defense is tendered, there is no reason why the jury would be less inclined to credit the defense as applied to appropriate counts, merely because the victim's generic testimony has implicated the defendant in additional counts or offenses not challenged by the alibi. Indeed, the fact that the defendant has established an alibi covering some of the time periods alleged in the information could significantly undermine the victim's testimony as to the remaining counts.
"....
"`Moreover, ... generic child molestation charges by no means deprive the defendant of a reasonable opportunity to defend. Initially, of course, the defendant has the option of taking the witness stand and directly denying any wrongdoing. If credible, his testimony should prevail over the unspecific assertions of his young accuser. In some cases, the very nonspecificity of the child's testimony, especially if uncorroborated, may offer defense counsel fertile field for challenging the child's credibility. In addition to the defendant's direct testimony, his cross-examination of the child and supporting witnesses, and the availability of the cautionary instruction mandated by Penal Code section 1127f [which states, in part, "In evaluating the testimony of a child you should consider all of the factors surrounding the child's testimony, including the age of the child and any evidence regarding the child's level of cognitive development."], the defendant may be permitted to introduce expert character evidence, based on standardized tests and personal interviews, to the effect that his personality profile does not include a capacity for deviant behavior against children.
"`As explained in People v. Moreno, supra, 211 Cal.App.3d 776, 788, 259 Cal.Rptr. 800, besides merely denying the charges, the defendant may introduce evidence outlining the victim's past fabrications and offering innocent *122 explanations for the victim's apparent knowledge of or familiarity with sexual behavior generally or the defendant's physical characteristics in particular, as well as expert testimony refuting or contradicting any physical evidence of molestation.
"`Finally, supplementing the usual defense trial techniques, the defendant has a variety of procedural due process remedies available to obtain relief from unwarranted prosecution or punishment, including demurrers, pretrial motions to set aside the information or indictment, and motions for judgment of acquittal, modification of verdict or new trial.'
"51 Cal.3d at 319-20, 270 Cal.Rptr. at 625-26, 792 P.2d at 657-58 (citations omitted)."
R.L.G. v. State, 712 So.2d at 363-364.
After noting that an alibi defense would be unavailing to a resident abuser, given that the defendant would have lived with the victim for an extensive, uninterrupted period, day and night, and also given that certain of the illicit sexual conduct would have taken but moments to perform, the Court of Criminal Appeals, in R.L.G., quoting People v. Fernandez, 263 Cal.Rptr. 139, 147 (Cal.App. 1989), stated: "`[T]he similarity and repetition of the acts would make it difficult, if not impossible, for an adult, let alone a child, to pinpoint the specific circumstances of each act.'"[1] 712 So.2d at 364.
After reexamining the law, we agree with the Court of Criminal Appeals that an expansion of the strict election rule is needed in cases, like this one, that involve a resident child abuser, and we today adopt an expansion of that rule. In cases, such as this one, that involve both generic and specific evidence, where evidence of multiple culpable acts is adduced to prove a single charged offense,[2] jury unanimity must be protected. Therefore, in such a case, the defendant is entitled either to have the State elect the single act upon which it is relying for a conviction or to have the court give a specific unanimity instruction. If the State chooses not to elect the specific act, the trial court must instruct the jury that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, thereby assuring a unanimous verdict on one criminal act. Cf. State v. Petrich, 101 Wash.2d 566, 571, 683 P.2d 173, 178 (1984) (where, in a factually similar case, the Washington Supreme Court required either that the State make an election or that the trial judge provide a unanimity instruction to the jury). See also, People v. Aldrich, 849 P.2d 821, 825 (Colo.App.1992) (where the court held that the defendant's right to a unanimous jury was ensured because, (1) "although the trial court denied the defendant's pre-trial motion to compel an election, at the close of the trial, the trial court did compel the prosecutor to elect the specific incidents of conduct upon which it relied," (2) "the jury ultimately was instructed as to the specific incidents upon which the charges were based," and (3) the jury "was also given a unanimity instruction" (emphasis omitted)).
Both to assist the jury in its deliberations and to ensure jury unanimity, the trial judge could submit special interrogatories to the jury in cases like this one, even though it has been held that the submission of special interrogatories to the jury is not authorized by statute or by court rule.[3] The submission of special interrogatories would be helpful to the jury in reaching a just verdict and could protect the rights of a defendant to a unanimous jury verdict in those cases where the *123 trial judge elects to use the jury instruction alternative rather than compelling the State to make an election.[4]
Now, we must determine whether the principle we adopt today applies in this particular case. When R.A.S. was convicted, a majority of this Court was applying the strict election rule in child molestation cases. In R.L.G, this Court adopted the so-called "either-or" rule in cases in which there was purely generic evidence involved. Today, as suggested by the Court of Criminal Appeals, we expand the "either-or" rule to apply in cases involving generic and specific evidence. Because we cannot say with certainty that the defendant's right to a unanimous verdict was guaranteed, we agree with the Court of Criminal Appeals that the trial court did not properly instruct the jury in this case, and we affirm the judgment of the Court of Criminal Appeals, but our affirmance is based upon the condition that if R.A.S. is retried, the new rule that we adopt today will be applicable in his trial.[5]
AFFIRMED.
SHORES, HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.
HOOPER, C.J., concurs in the result.
NOTES
[1] For the California courts' treatment of Fernandez, see Judge Patterson's fn. 11 in R.L.G. v. State, 712 So.2d at 364.
[2] Whether the incidents are to be charged separately or brought as one charge is a decision within prosecutorial discretion. There are probably many factors the prosecutor weighs in making that decision, including the victim's ability to testify to specific times and places. Our decision today is not intended to affect that discretion or to encourage the bringing of multiple charges when, in the prosecutor's judgment, they are not warranted. Obviously, there may be times when the prosecutor's decision to bring only a single charge may indicate that the election of one particular act for prosecution is impractical.
[3] Flowers v. State, 586 So.2d 978 (Ala.Crim.App. 1991); Rule 22, Ala. R.Crim. P.
[4] The options of allowing a special jury instruction and using special interrogatories are allowed because, in the majority of cases in which this issue will arise, the sexual abuse charge will involve crimes against children; in such cases the occurrence of multiple instances of criminal conduct with the same victim is a frequent, if not the usual, pattern.

Although they do not involve charges of sexual abuse, some decisions of the United States Court of Appeals for the Ninth Circuit support the imposition of a requirement that the jury be given a specific unanimity instruction under circumstances similar to those in this case. See United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983) ("When it appears ... that a conviction may occur as a result of different jurors concluding that the defendant committed different acts, the general unanimity instruction does not suffice. To correct any potential confusion in such a case, the trial judge must augment the general instruction to ensure [that] the jury understands its duty to unanimously agree to a particular set of facts."). Also, see, United States v. Payseno, 782 F.2d 832, 836-37 (9th Cir.1986) (ruling that there was "the genuine possibility that some jurors may have believed [that the defendant] used extortionate means on one occasion while others may have believed that he was guilty of engaging in extortion at a different time and place"; stating that "Echeverry clearly sets forth the rule that we are not free to speculate about what the jurors agreed to in their ... deliberation over [the defendant's] guilt or innocence"; and, accordingly, holding that "[a] general unanimity instruction will not suffice when the possibility of such jury confusion exists" and that the trial court committed plain error in failing to give a specific unanimity instruction). Cf. United States v. Gilley, 836 F.2d 1206, 1211-13 (9th Cir.1988) (reaffirming Echeverry and Payseno and holding (1) there was "a genuine possibility that the jurors were not unanimous as to the conjunction of two of the material elements of the crime," (2) "[t]his [was] not a case ... `sufficiently simple and clear in its presentation that unanimity [could] be assumed based on the general [unanimity] instruction,'" (3) "[r]ather, it [was] a case involving a sufficiently complex set of facts requiring the judge sua sponte to give a specific unanimity instruction," (4) "[b]ecause the deficiency in the trial judge's instruction prejudiced the defendant's substantial right to a unanimous jury verdict ..., plain error occurred," and (5) "a conviction for conducting an illegal gambling business ... cannot stand where the guilty verdict cannot with reasonable certainty be said to stem from a unanimous verdict").
[5] The result we reach today is consistent with Justice Houston's special concurrence in Ex parte King, 707 So.2d at 662 (on application for rehearing).